| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Allen K. Hutkin    Bar No. 143200<br>Donald L. Mabry  Bar No. 187750<br>Hutkin Law Firm, APC<br>1220 Marsh Street<br>San Luis Obispo, CA 93401<br>Phone: (805) 544-1500<br>Fax: (805) 544-1532<br>Email: ahutkin@hutkinlaw.com<br>Email: dmabry@hutkinlaw.com<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Movants | |

## UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA - NORTHERN DIVISION   ▾

| In re:<br>PRCCC, INC. | CASE NO.: 9:22-bk-10592-RC<br><br>CHAPTER: 7   ▾ |
|---|---|
| | **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**<br>**(with supporting declarations)**<br>**(ACTION IN NONBANKRUPTCY FORUM)** |
| Debtor(s). | DATE: 9/20/2022<br>TIME: 10:00 am<br>COURTROOM: 201 |

**Movant:** DARCY VILLERS, WILLIAM E. HOLMES, and KYLE KING

1. **Hearing Location:**
   - ☐ 255 East Temple Street, Los Angeles, CA 90012
   - ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367
   - ☐ 3420 Twelfth Street, Riverside, CA 92501
   - ☐ 411 West Fourth Street, Santa Ana, CA 92701
   - ☒ 1415 State Street, Santa Barbara, CA 93101

2. Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                Page 1                          F 4001-1.RFS.NONBK.MOTION

4. When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5. If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6. ☒ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d).  If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7. ☐ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b).  If you wish to oppose this motion, you must file and serve a response no later than (*date*) _____ and (*time*) _____; and, you may appear at the hearing.

  a. ☐ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

  b. ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

  c. ☐ An application for order setting hearing on shortened notice was filed and remains pending.  After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date:  08/24/2022

HUTKIN LAW FIRM, APC
_____
Printed name of law firm (if applicable)

Allen K. Hutkin
_____
Printed name of individual Movant or attorney for Movant

_____
Signature of individual Movant or attorney for Movant

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                          Page 2                          F 4001-1.RFS.NONBK.MOTION

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO NONBANKRUPTCY ACTION

1. **In the Nonbankruptcy Action, Movant is:**

   a. ☒ Plaintiff

   b. ☐ Defendant

   c. ☐ Other (specify):

2. **The Nonbankruptcy Action:** There is a pending lawsuit or administrative proceeding (Nonbankruptcy Action) involving the Debtor or the Debtor's bankruptcy estate:

   a. *Name of Nonbankruptcy Action*: Holmes, et al. v. Paso Robles Casino & Card Room, et al.

   b. *Docket number*: CASE NO. 18CVP-0175

   c. *Nonbankruptcy forum where Nonbankruptcy Action is pending*:
      SUPERIOR COURT OF THE STATE OF CALIFORNIA, SAN LUIS OBISPO COUNTY

   d. Causes of action or claims for relief (Claims):
      Representative action re mulitple Labor Code Violations and Violations of Bus. & Prof. Code.

3. **Bankruptcy Case History:**

   a. ☒ A voluntary  ☐ An involuntary  petition under chapter  ☒ 7  ☐ 11 ☐ 12 ☐ 13
      was filed on (*date*) 08/03/2022 .

   b. ☐ An order to convert this case to chapter  ☐ 7 ☐ 11☐ 12 ☐ 13
      was entered on (*date*) _____.

   c. ☐ A plan was confirmed on (*date*) _____.

4. **Grounds for Relief from Stay:** Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay to proceed with the Nonbankruptcy Action to final judgment in the nonbankruptcy forum for the following reasons:

   a. ☐ Movant seeks recovery only from applicable insurance, if any, and waives any deficiency or other claim against the Debtor or property of the Debtor's bankruptcy estate.

   b. ☐ Movant seeks recovery primarily from third parties and agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

   c. ☒ Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Movant agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

   d. ☐ The Claims are nondischargeable in nature and can be most expeditiously resolved in the nonbankruptcy forum.

   e. ☒ The Claims arise under nonbankruptcy law and can be most expeditiously resolved in the nonbankruptcy forum.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                              Page 3                          F 4001-1.RFS.NONBK.MOTION

f.  ☒  The bankruptcy case was filed in bad faith.

    (1) ☐  Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

    (2) ☒  The timing of the filing of the bankruptcy petition indicates that it was intended to delay or interfere with the Nonbankruptcy Action.

    (3) ☐  Multiple bankruptcy cases affect the Nonbankruptcy Action.

    (4) ☐  The Debtor filed only a few case commencement documents. No schedules or statement of financial affairs (or chapter 13 plan, if appropriate) has been filed.

g.  ☒  Other (*specify*):
This case was filed on the eve of the Trial Readiness Conference.

5.  **Grounds for Annulment of Stay.** Movant took postpetition actions against the Debtor.

    a. ☐  The actions were taken before Movant knew that the bankruptcy case had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

    b. ☐  Although Movant knew the bankruptcy case was filed, Movant previously obtained relief from stay to proceed in the Nonbankruptcy Action in prior bankruptcy cases affecting the Nonbankruptcy Action as set forth in Exhibit. _____.

    c. ☐  Other (*specify*):

6.  **Evidence in Support of Motion:** (*Important Note: declaration(s) in support of the Motion MUST be signed under penalty of perjury and attached to this motion.*)

    a. ☒  The DECLARATION RE ACTION IN NONBANKRUPTCY FORUM on page 6.

    b. ☐  Supplemental declaration(s).

    c. ☐  The statements made by Debtor under penalty of perjury concerning Movant's claims as set forth in Debtor's case commencement documents. Authenticated copies of the relevant portions of the Debtor's case commencement documents are attached as Exhibit. _____.

    d. ☒  Other evidence (*specify*):
See Exhibit "A" - Holmes, et al. v. Paso Robles Casino & Card Room, et al. Case Information from the San Luis Obispo County Superior Court Online Portal

7.  ☐  **An optional Memorandum of Points and Authorities is attached to this Motion.**

**Movant requests the following relief:**

1.  Relief from the stay pursuant to 11 U.S.C. § 362(d)(1).

2.  ☒  Movant may proceed under applicable nonbankruptcy law to enforce its remedies to proceed to final judgment in the nonbankruptcy forum, provided that the stay remains in effect with respect to enforcement of any judgment against the Debtor or property of the Debtor's bankruptcy estate.

3.  ☐  The stay is annulled retroactively to the bankruptcy petition date. Any postpetition acts taken by Movant in the Nonbankruptcy Action shall not constitute a violation of the stay.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 4                          F 4001-1.RFS.NONBK.MOTION

4.  ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified, or annulled as to the co-debtor, on the same terms and condition as to the Debtor.

5.  ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

6.  ☒ The order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Nonbankruptcy Action.

7.  ☒ The order is binding and effective in any future bankruptcy case, no matter who the debtor may be, without further notice

8.  ☐ Other relief requested.

Date:  08/25/2022

HUTKIN LAW FIRM, APC
_____
Printed name of law firm (*if applicable*)

Allen K. Hutkin
_____
Printed name of individual Movant or attorney for Movant

_____
Signature of individual Movant or attorney for Movant

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                   Page 5                          F 4001-1.RFS.NONBK.MOTION

## DECLARATION RE ACTION IN NONBANKRUPTCY FORUM

I, (name of Declarant) ___Allen K. Hutkin_____, declare as follows:

1.  I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding (Nonbankruptcy Action) because:

    ☐ I am the Movant.
    ☒ I am Movant's attorney of record in the Nonbankruptcy Action.
    ☐ I am employed by Movant as (title and capacity):
    ☐ Other (specify):

2.  I am one of the custodians of the books, records and files of Movant as to those books, records and files that pertain to the Nonbankruptcy Action. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

3.  In the Nonbankruptcy Action, Movant is:

    ☒ Plaintiff
    ☐ Defendant
    ☐ Other (specify):

4.  The Nonbankruptcy Action is pending as:

    a.  *Name of Nonbankruptcy Action:* Holmes, et al. v. Paso Robles Casino & Card Room, et al.
    b.  *Docket number:* CASE NO. 18CVP-0175
    c.  *Nonbankruptcy court or agency where Nonbankruptcy Action is pending:*
        San Luis Obispo County Superior Court

5.  **Procedural Status of Nonbankruptcy Action:**

    a.  The Claims are:
        1) Misclassification as Independent Contractor; 2) Unpaid Minimum Wages; 3) Nonpayment of Overtime Compensation; 4) Premium Pay for Rest Period Violations; 5) Premium Pay for Meal Period Violations; 6) Itemized Wage Statement Violation; 7) Waiting Time Penalty for Nonpayment of Wages; 8) Violation of Unfair Business Practices - B&P Code § 17200 et seq.; 9) Representative Action for Civil Penalties for Violation of the Private Attorneys General Act - Lab. Code § 2698, set seq

    b.  True and correct copies of the documents filed in the Nonbankruptcy Action are attached as Exhibit B____.

    c.  The Nonbankruptcy Action was filed on (date) 08/03/2022___.

    d.  Trial or hearing began/is scheduled to begin on (date) 08/15/2022___.

    e.  The trial or hearing is estimated to require 7-10_ days (specify).

    f.  Other plaintiffs in the Nonbankruptcy Action are (specify):
        Movants herein are all named Plaintiffs in the lawsuit

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                                    Page 6                                            F 4001-1.RFS.NONBK.MOTION

g. Other defendants in the Nonbankruptcy Action are (specify):
    PRCCC, Inc. and DONALD G. EZZELL

6.  **Grounds for relief from stay:**

a. ☒ Movant seeks recovery primarily from third parties and agrees that the stay will remain in effect as to
    enforcement of any resulting judgment against the Debtor or the Debtor's bankruptcy estate, except that
    Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under
    11 U.S.C. § 523 or § 727 in this bankruptcy case.

b. ☒ Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Movant agrees that the stay will remain in
    effect as to enforcement of any resulting judgment against the Debtor or the Debtor's bankruptcy estate,
    except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary
    complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

c. ☐ Movant seeks recovery only from applicable insurance, if any, and waives any deficiency or other claim
    against the Debtor or property of the Debtor's bankruptcy estate. The insurance carrier and policy number
    are (specify):

d. ☒ The Nonbankruptcy Action can be tried more expeditiously in the nonbankruptcy forum.

    (1) ☐ It is currently set for trial on (date) _____.

    (2) ☒ It is in advanced stages of discovery and Movant believes that it will be set for trial by
        (date) _10/13/2022_. The basis for this belief is (specify):
        On August 11, 2022, the Court set a status conference for October 13, 2022. The Court stated if the
        Automatic Stay was lifted the court would schedule a trial at that hearing for the earliest available date.

    (3) ☒ The Nonbankruptcy Action involves non-debtor parties and a single trial in the nonbankruptcy forum
        is the most efficient use of judicial resources.

e. ☒ The bankruptcy case was filed in bad faith specifically to delay or interfere with the prosecution of the
    Nonbankruptcy Action.

    (1) ☐ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case
        commencement documents.

    (2) ☒ The timing of the filing of the bankruptcy petition indicates it was intended to delay or interfere with
        the Nonbankruptcy Action based upon the following facts (specify):
        This case was filed late in the afternoon the day before the trial readiness conference.

    (3) ☐ Multiple bankruptcy cases affecting the Property include:

        (A) Case name:
            Case number:                    Chapter:
            Date filed:        Date discharged:        Date dismissed:
            Relief from stay regarding this Nonbankruptcy Action  ☐ was  ☐ was not  granted.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

(B) Case name:
  Case number:        Chapter:
  Date filed:     Date discharged:     Date dismissed:
  Relief from stay regarding this Nonbankruptcy Action   ☐ was   ☐ was not   granted.

(C) Case name:
  Case number:        Chapter:
  Date filed:     Date discharged:     Date dismissed:
  Relief from stay regarding this Nonbankruptcy Action   ☐ was   ☐ was not   granted.

  ☐ See attached continuation page for information about other bankruptcy cases affecting the Nonbankruptcy Action.

  ☐ See attached continuation page for additional facts establishing that this case was filed in bad faith.

f. ☐ See attached continuation page for other facts justifying relief from stay.

7. ☐ Actions taken in the Nonbankruptcy Action after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

 a. ☐ These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

 b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with the Nonbankruptcy Action enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit ____

 c. ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 08/24/2022 | Allen K. Hutkin | _(signature)_ |
| Date | Printed name | Signature |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014        Page 8        F 4001-1.RFS.NONBK.MOTION

# EXHIBIT A

## Case Information

18CVP-0175 | William Holmes vs. Paso Robles Casino & Card Room Lounge

| Case Number | Court | Judicial Officer |
|---|---|---|
| 18CVP-0175 | San Luis Obispo - Civil | Judge Coates, Tana L. |
| File Date | Case Type | Case Status |
| 05/29/2018 | CV - Employment | Partial Bankruptcy |

## Party

Plaintiff
Holmes, William E

Active Attorneys ▼
Lead Attorney
Hutkin, Allen K.
Retained

Attorney
Cordes, James H
Retained

Plaintiff
Villers, Darcy

DOB
06/24/XXXX

Gender
Female

Race
White

Height
5' 3"

Weight
125 lbs

Active Attorneys ▼
Lead Attorney
Hutkin, Allen K.
Retained

Attorney
Cordes, James H
Retained

Address
214 Santa Cruz
Paso Robles CA 93446

Plaintiff
King, Kyle

Active Attorneys ▾
Lead Attorney
Hutkin, Allen K.
Retained

Attorney
Cordes, James H
Retained

Defendant
Paso Robles Casino & Card Room Lounge

Address
1144 Black Oak Drive
Paso Robles CA 93446

Defendant
PRCCC Inc

Aliases
*DBA* Paso Robles Cardroom Casino
*ESA* Paso Robles Casino & Card Room Lounge
Address
1144 Black Oak Drive
Paso Robles CA 93446

Active Attorneys ▾
Lead Attorney
Ezzell, Donald G
Retained

Attorney
Nix, Benjamin Avery
Retained

Attorney
Nix, Benjamin Avery
Retained

Attorney
Haeffele , Andrew Keith
Retained

Defendant
Ezzell, Donald G.

Active Attorneys ▾

Result
Held

Parties Present ▲
   Plaintiff

      Attorney: Hutkin, Allen K.

      Attorney: Cordes, James H

   Plaintiff

      Attorney: Hutkin, Allen K.

      Attorney: Cordes, James H

   Plaintiff

      Attorney: Hutkin, Allen K.

      Attorney: Cordes, James H

   Defendant

      Attorney: Ezzell, Donald G

      Attorney: Nix, Benjamin Avery

      Attorney: Nix, Benjamin Avery

   Defendant

      Attorney: Ezzell, Donald G

      Attorney: Nix, Benjamin Avery

05/05/2022 Party makes a video appearance.

05/05/2022 The Court is advised ▼

   Comment
   of the status of the mandatory settlement conference with Ray Mattison. Counsel for Plaintiff indicates
   a potential calendaring conflict. Counsel are directed to contact Mr. Mattison to discuss scheduling.

05/05/2022 The Court and counsel discuss ▼

   Comment
   trial readiness. Counsel for Defendant indicates a calendaring conflict.

05/05/2022 Trial date is ▼

   Comment
   reset for 8/15/2022. The Court continues the Readiness Conference to 8/04/2022 at 10:30 a.m.. The
   Court sets a further Status Conference for 7/18/2022.

05/05/2022 Meet and Confer. Parties ▼

   Comment
   are directed to meet and confer regarding converting the jury trial to a court trial.

# EXHIBIT B

**ELECTRONICALLY FILED**

**5/29/2018 11:04 AM**

SAN LUIS OBISPO SUPERIOR COURT
BY: _C. M. Kastner_
C. M. Kastner, Deputy Clerk

1  Allen K. Hutkin, SB#143200
   Jennifer A. Carver, SB#228744
2  HUTKIN LAW FIRM
   1220 Marsh Street
3  San Luis Obispo, CA 93401
   Telephone: (805) 544-1500
4  Facsimile: (805) 544-1532

5

   Attorneys for Plaintiffs
6  DARCY VILLERS, KYLE KING,
   WILLIAM E. HOLMES and JEREMY CANCIO
7  on behalf of themselves and Aggrieved Employees

8

9

          SUPERIOR COURT OF THE STATE OF CALIFORNIA
10
               COUNTY OF SAN LUIS OBISPO
11

12  DARCY VILLERS, an individual; KYLE     )   **Case No.**
    KING an individual; WILLIAM E.         )
13  HOLMES an individual; JEREMY           )
    CANCIO, an individual                  )   **COMPLAINT FOR DAMAGES AND**
14                                          )   **INJUNCTIVE RELIEF**
              Plaintiffs,                   )
15                                          )   1.   Misclassification as Independent
                                            )        Contractor - Lab. Code, §226.8;
16  v.                                      )
                                            )   2.   Unpaid Minimum Wages - Lab. Code,
17                                          )        §§1194 and 1197;
                                            )
18  PASO ROBLES CASINO & CARD ROOM )        3.   Nonpayment of Overtime Compensation
    LOUNGE, a business entity, form         )        - Lab. Code, §§ 510, 558, 1194, 1197.1,
19  unknown; PRCCC, Inc., a California      )        1198 and IWC Wage Order 10;
    corporation; DONALD G. EZZELL, an       )
20  individual; and DOES 1 through 70,      )   4.   Premium Pay for Rest Period Violations
    inclusive,                              )        - Lab. Code, §§ 226.7;
21                                          )
              Defendants.                   )   5.   Premium Pay for Meal Period Violations
22                                          )        - Lab. Code, §§ 226.7 and 512;
                                            )
23                                          )   6.   Itemized Wage Statement Violation -
                                            )        Lab. Code, §§ 226, 226.3 and 226.6
24                                          )        1174 and 1174.5;
                                            )
25  _____ )   7.   Waiting Time Penalty for Nonpayment
                                                     of Wages - Lab. Code §§ 201, 202 and
26                                                   203;

27                                              8.   Violation of Unfair Business Practices -
                                                     Bus. & Prof. Code § 17200 et seq.;
28

                                    1
─────────────────────────────────────────────────
      COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

9.      Representative Action for Civil Penalties for Violation of the Private Attorneys General Act - Lab. Code § 2698, *set seq.*

Plaintiffs DARCY VILLERS, KYLE KING, WILLIAM E. HOLMES and JEREMY CANCIO (collectively, "Plaintiffs") hereby allege:

## GENERAL ALLEGATIONS

1.      Plaintiff DARCY VILLERS is an individual who, at all times relevant herein, lived and worked in or around the City of Paso Robles and County of San Luis Obispo, State of California.

2.      Plaintiff KYLE KING is an individual who, at all times relevant herein, lived and worked in or around the City of Paso Robles and County of San Luis Obispo, State of California.

3.      Plaintiff WILLIAM E. HOLMES is an individual who, at all times relevant herein, lived and worked in or around the City of Paso Robles and the County of San Luis Obispo, State of California.

4.      Plaintiff JEREMY CANCIO is an individual who, at all times relevant herein, lived and worked in or around the City of Paso Robles and the County of San Luis Obispo, State of California.

5.      Plaintiffs DARCY VILLERS, KYLE KING, WILLIAM E. HOLMES and JEREMY CANCIO are sometimes referred to collectively as "Plaintiffs."

6.      Defendant PASO ROBLES CASINO & CARD ROOM LOUNGE, a business, form unknown, is and was involved in the business of gambling/card dealing/chip running in or around the City of Paso Robles and the County of San Luis Obispo, State of California.

7.      Defendant PRCCC, Inc., a California corporation, is and was involved in the business of gambling/card dealing/chip running in or around the City of Paso Robles and the County of San Luis Obispo, State of California.

8.      Defendant DONALD G. EZZELL, an individual, is and was involved in the business of gambling/card dealing/chip running in or around the City of Paso Robles and the County of San Luis Obispo, State of California. Plaintiff alleges that Defendant DONALD G.

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1    EZZELL is a "person acting on behalf of an employer" pursuant to Labor Code §§ 558, 558.1, or

2    a joint employer of Plaintiff and on information and belief, current and former Employees.

3          9.    Defendants PASO ROBLES CASINO & CARD ROOM LOUNGE, PRCCC,

4    INC., and DONALD G. EZZELL are sometimes referred to collectively as "Defendants."

5          10.    The true names and capacities, whether individual, corporate, associate, or

6    otherwise, of Defendants sued herein as DOES 1 through 70, inclusive, are currently unknown to

7    Plaintiffs, who therefore sue Defendants by such fictitious names.  Plaintiffs are informed and

8    believe, and based thereon allege, that each of the Defendants designated herein as a DOE is

9    legally responsible in some manner for the events and happenings referred to herein and caused

10   injury and damage proximately thereby to Plaintiffs as hereinafter alleged.  Plaintiffs will seek

11   leave of the court to amend this Complaint to reflect the true names and capacities of the

12   Defendants designated hereinafter as DOES when the same have been finally ascertained.

13         11.    Whenever in this Complaint reference is made to "Defendants," such allegations

14   shall be deemed to mean the acts of Defendants acting individually, jointly, and/or severally.

15         12.    Plaintiffs are informed and believe, and based thereon allege, that at all times

16   mentioned herein, each of the Defendants was the alter ego, joint venturer, co-employer, joint

17   employer, agent, servant, employee, co-venturer, and/or co-conspirator of each of the remaining

18   Defendants, and was at all times herein mentioned, acting within the course, scope, purpose,

19   consent, knowledge, ratification, and authorization of such agency, employment, joint venture,

20   and conspiracy.

21         13.    Venue is proper in this jurisdiction because Plaintiffs were employed in and the

22   wrongful acts by Defendants occurred in the County of San Luis Obispo, which is within the

23   jurisdiction of this Court.

24                         **FACTUAL ALLEGATIONS**

25         14.    Defendants operate a casino in Paso Robles, California.

26         15.    Defendants hired Plaintiff DARCY VILLERS on or about December 2011 in the

27   position of hostess.  Shortly thereafter, she became a card dealer.  Her employment ended on or

28   about January 2, 2018.

16.     Defendants hired Plaintiff KYLE KING on or about April 19, 2012 as a card dealer.  His employment ended on or about April 18, 2017.

17.     Defendants hired Plaintiff WILLIAM E. HOMES on or about April 9, 2015 as a card dealer.  His employment ended on or about January 9, 2015.

18.     Defendants hired Plaintiff JEREMY CANCIO on or about March 12, 2015 as a card dealer/Supervisor.  His employment ended on or about March 20, 2016.

19.     From 2011 to the present, during which time Plaintiffs worked as card dealers for Defendants, Defendants engaged Plaintiffs as independent contractors and not as employees.  In fact, the nature of the working relationship between Plaintiffs and Defendants was an employment relationship of an employee and employer, as those terms are used in:

a.     Labor Code §350, which provides: "As used in this article, unless the context indicates otherwise: (a) 'Employer' means every person engaged in any business or enterprise in this state that has one or more persons in service under any appointment, contract of hire, or apprenticeship, express or implied, oral or written, irrespective of whether the person is the owner of the business or is operating on a concessionaire or other basis. (b) 'Employee" means every person, including aliens and minors, rendering actual service in any business for an employer, whether gratuitously or for wages or pay, whether the wages or pay are measured by the standard of time, piece, task, commission, or other method of calculation, and whether the service is rendered on a commission, concessionaire, or other basis;" and,

b.     Labor Code §2750, which provides: "The contract of employment is a contract by which one, who is called the employer, engages another, who is called the employee, to do something for the benefit of the employer or a third person."

20.     At all times relevant herein, Plaintiffs' wages and hours and working conditions were governed by, *inter alia*, Title 8, California Code of Regulations Section 11050, Industrial Welfare Commission Order No. 10-2001 regulating Wages, Hours and Working Conditions in

1  the Public Housekeeping Industry and its predecessor wage orders (collectively "Wage Order

2  10").

3      21.    From 2011 to the present, during which time Plaintiffs worked as card dealers for

4  Defendants, Plaintiffs regularly worked in excess of eight (8) hours per day and/or forty (40)

5  hours per week for which they were not paid any overtime.

6      22.    From 2011 to the present, during which time Plaintiffs worked as card dealers for

7  Defendants, Plaintiffs were not permitted or authorized by Defendants to take a net 10-minute

8  rest period for each four hours of work performed or major fraction thereof.

9      23.    From 2011 to the present, during which time Plaintiffs worked as card dealers for

10  Defendants, Plaintiffs were not provided with an uninterrupted 30-minute meal period by the

11  start of the fifth hour of work.

12      24.    During their employment with Defendants, Defendants knowingly and

13  intentionally failed to provide Plaintiffs with accurate wage statements as required by Labor

14  Code section 226(a).

15      25.    On April 10, 2018, Plaintiffs complied with Labor Code section 2699.3(a)(1)(A)

16  to (1)(C). Upon expiration of the time requirements set forth in Labor Code section 2699.3, and

17  with no action being taken by the Labor Work Force Development Agency LWDA, Plaintiffs

18  shall be authorized to proceed with the ninth cause of action - i.e., Representative Action for

19  Civil Penalties for Violation of the Private Attorneys General Act - Lab. Code § 2698, et seq.

20                    **FIRST CAUSE OF ACTION**

21      **(Misclassification as Independent Contractor - Lab. Code, § 226.8 )**

22          **(By Plaintiffs against Defendants and DOES 1 to 5)**

23      26.    Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 25

24  and incorporate the same by reference as though fully set forth herein.

25      27.    Labor Code §226.8 makes it unlawful for any person or employer willfully to

26  misclassify an individual as an independent contractor or to make any deductions from

27  compensation, for any purpose, including for goods, materials, space rental, services, government

28

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1    licenses, repairs, equipment maintenance, or fines arising from the individual's employment

2    where any of the acts would have violated the law if the individual had not been misclassified.

3         28.    During the time Plaintiffs worked as card dealers for Defendants, Plaintiffs were

4    employees of Defendants as defined by Labor Code §§350, subd. (b) and 2750. However,

5    Defendants willfully misclassified Plaintiffs as independent contractors as part of a pattern and

6    practice.  By so doing, Defendants lowered their cost of doing business by means of, *inter alia*,

7    the following:

8         a.    Defendants did not report or pay the employer's share of federal or state payroll

9              taxes with respect to any of the funds paid to Plaintiffs or the other card dealers, as

10             required by federal and state law;

11        b.    Defendants did not provide or pay for Workers Compensation insurance for

12             Plaintiffs or the other card dealers;

13        c.    Defendants did not provide or pay for State Disability insurance for Plaintiffs or

14             the other card dealers; and,

15        d.    Defendants did not provide or pay for benefits to Plaintiffs and the other card

16             dealers that other of Defendants' employees received.

17        29.    As a direct and proximate result of Defendants' conduct as alleged above,

18   Plaintiffs are entitled to a civil penalty of not less than five thousand dollars ($5,000) and not

19   more than fifteen thousand dollars ($15,000) for each violation, in addition to any other penalties

20   or fines permitted by law.

21        30.    As a direct and proximate result of Defendants' pattern and practice as alleged

22   above, Plaintiffs are entitled to a civil penalty of not less than ten thousand dollars ($10,000) and

23   not more than twenty-five thousand dollars ($25,000) for each violation, in addition to any other

24   penalties or fines permitted by law.

25                          **SECOND CAUSE OF ACTION**

26            **(Unpaid Minimum Wages - Lab. Code, §1194, 1194.2, 1197.1)**

27              **(By Plaintiffs against Defendants and DOES 6-10)**

28

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1    31.    Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 30

2  and incorporate the same by reference as though fully set forth herein.

3    32.    Labor Code §§1194 and 1194.2 provide that any employee receiving less than the

4  legal minimum wage is entitled to recover the unpaid balance of the full amount of this minimum

5  wage compensation in a civil action plus an additional equal amount as liquidated damages,

6  interest thereon, reasonable attorney's fees, and costs of suit.

7    33.    Plaintiffs are or were employees in the State of California and Defendants were

8  and are an employer employing persons in the State of California.  As such, Plaintiffs were the

9  type of persons contemplated to be protected by Labor Code §§1194 and 1194.2 and said

10  provisions was intended to apply to Defendants and to prevent the type of injury and damage set

11  forth herein.

12    34.    Plaintiffs worked hours for which they were not compensated.  As such, Plaintiffs

13  have not been paid the California minimum wage for these hours worked.

14    35.    As a result of Defendants' aforementioned violations of California law, Plaintiffs

15  are thus entitled to recover nominal, actual and compensatory damages in amounts according to

16  proof at time of trial.

17    **THIRD CAUSE OF ACTION**

18    **(Nonpayment of Overtime Compensation - Lab. Code, §1194)**

19    **(By Plaintiffs against Defendants and Does 11-15)**

20    36.    Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 35

21  and incorporate the same by reference as though fully set forth herein.

22    37.    Labor Code §1194 provides that any employee receiving less than the legal

23  overtime compensation applicable to the employee is entitled to recover in a civil action the

24  unpaid balance of the full amount of this overtime compensation, including interest thereon,

25  reasonable attorney's fees, and costs of suit. Section 3(A) of Wage Order 10 requires employers

26  to pay employees one-and-one-half (1-1/2) times their regular hour rate for all those hours

27  worked in excess of forty (40) hours in one work week and/or in excess of eight (8) in one work

28

7

1    day, and two (2) times the regular rate of pay for hours worked in excess of twelve (12) hours per

2    day, unless such employees are exempt from the requirements of Wage Order 10.

3        38.    Plaintiffs regularly worked more than eight (8) hour per day and/or forty (40) hours

4    per week for Defendants. Defendants failed to compensate Plaintiffs for overtime hours worked

5    in excess of (8) hour per day and/or forty (40) hours per week as required.

6        39.    Plaintiffs were employees in the State of California and Defendants were an

7    employer in the State of California. As such, Plaintiffs were the type of person contemplated to

8    be protected by Wage Order 10 and the Labor Code and said regulations were intended to apply

9    to Defendants and to prevent the type of injury and damage set forth herein.

10        40.    As a result of Defendants' conduct in requiring Plaintiffs to work in excess of

11    eight (8) hours per day and/or forty (40) hours per week without paying one-and-one-half (1-1/2)

12    times their regular hour rate, Plaintiffs have sustained and will sustain damages in the amount of

13    the unpaid one and one-half (1-1/2) time their regular hourly rate for all overtime hours worked

14    together with interest thereon and attorneys' fees and costs of suit.

15                            **FOURTH CAUSE OF ACTION**

16            **(Premium Pay for Rest Period Violations - <u>Lab. Code</u> § 226.7 )**

17                **(By  Plaintiffs against Defendants and DOES 16-20)**

18        41.    Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 40

19    and incorporate the same by reference as though fully set forth herein.

20        42.    <u>Labor Code</u> §226.7 and Section 12(A) of Wage Order 10 require employers to

21    authorize and permit employees to take a rest period of net ten (10) minutes for each four (4)

22    hours, or major fraction thereof, worked. An employer who fails to provide an employee with a

23    rest period shall pay the employee one hour of pay for each work day that a rest period was

24    missed.

25        43.    Throughout their employment, Plaintiffs routinely worked in excess of four hours

26    per day but were not permitted or authorized to take a rest period of a net ten (10) consecutive

27    minutes for each four hour work periods, or major fraction thereof.

28

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

44.     As a direct and proximate result of Defendants' conduct as alleged above, Plaintiffs have sustained damages in the amount of one hour of wages for each day they missed their rest periods.  The amount of unpaid rest period penalties will be proven at trial.

### FIFTH CAUSE OF ACTION

### (Premium Pay for Meal Period Violations - Lab. Code, §§ 226.7, 512(a) )

### (By Plaintiffs against Defendants and DOES 21-25)

45.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 44 and incorporate the same by reference as though fully set forth herein.

46.     Labor Code §§226.7 and 512 and Section 11(A) of Wage Order 10, which provides that employers must provide employees who work more than six (6) hours per day with a thirty (30) minute meal period wherein the employee is relieved of all duties.  This action is further brought under Labor Code §226.7(b) and Section 11(B) of Wage Order 10, which provides that if an employer fails to provide an employee with a thirty (30) minute meal period, the employer shall pay the employee one hour of pay for each work day that a thirty (30) minute meal period was missed.

47.     Plaintiffs were not provided with thirty (30) minute meal periods during their employment with Defendants.

48.     As a direct and proximate result of Defendants' conduct as alleged above, Plaintiffs have sustained damages in the amount of one hour of wages for each day they missed their meal periods.  The amount of unpaid meal period penalties will be proven at trial.

### SEVENTH CAUSE OF ACTION

### (Itemized Wage Statements Violation - Lab. Code, § 226)

### (By Plaintiffs against All Defendants and DOES 26-30)

49.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 48 and incorporate the same by reference as though fully set forth herein.

50.     Labor Code §226 provides that every employer must furnish each employee with an itemized statement of wages and deductions at the time of payment of wages.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

51.     Defendants knowingly and intentionally failed to provide Plaintiffs with accurate wage statements as required by Labor Code §226(a).

52.     Plaintiffs suffered injuries because Defendants failed to pay them regular wages and overtime compensation, failed to properly notify them of all hours worked or rate of pay, and failed to pay them premium payments for rest and meal period violations.

53.     Pursuant to Labor Code §226(e) and (g), Plaintiffs seek a penalty against Defendants not exceeding an aggregate amount of $4,000.

54.     Plaintiffs have incurred and continued to incur legal expenses and attorneys' fees, and hereby request their attorneys' fees pursuant to Labor Code §§ 218.5 and 226.

**SEVENTH CAUSE OF ACTION**

**(Waiting-Time Penalty for Nonpayment of Wages - Lab. Code, §203)**

**(By Plaintiffs against All Defendants and DOES 31-35)**

55.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 54 and incorporate the same by reference as though fully set forth herein.

56.     Labor Code §203 provides that if an employer willfully fails to pay any wages of an employee who is discharged or quits, the wages of such employee shall continue as from the due date thereof at the same rate until paid or until an action therefor is commenced, for not more than 30 days.

57.     Plaintiffs have discharged or quit their employment with Defendants.  More than thirty days have passed sine Plaintiffs either discharged or quit their employment with Defendants.

58.     Defendants failed to pay all wages due to Plaintiffs upon termination.

59.     As a result of Defendants' willful conduct in not paying all wages and premiums to which Plaintiffs were entitled, Plaintiffs are entitled to thirty days wages as penalty wages under Labor Code §203 together with interest thereon and attorney's fees and costs.

**EIGHTH CAUSE OF ACTION**

**(Unfair Business Practices - Bus. & Prof. Code, §§17200 _et seq._ )**

**(By Plaintiffs against Defendants and DOES 36-40)**

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

60.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 59 and incorporate the same by reference as though fully set forth herein.

61.     Plaintiffs bring this action for themselves and on behalf of the People of the State of California under the provisions of the <u>Business & Professions Code</u> §§17200 *et seq.* Among the persons adversely affected the unfair business practices of Defendants as alleged herein are all Defendants' employees who did not receive the lawful minimum or overtime wages, meal or rest period premiums, timely payment of wages, contractual wages and reimbursement of expenses, to which they were entitled.

62.     A representative action pursuant to <u>Business & Professions Code</u> §§17200, 17203 and 17204 on behalf of the general public is appropriate and necessary because Defendants did not provide their employees with the lawful minimum or overtime wages, meal or rest period premiums, timely payment of wages, contractual wages and reimbursement of expenses, as a general business practice contrary to the law of the State of California.

63.     As described above, Defendants have violated the following California laws:

a.     violation of California Labor Code § 201 by failing to pay all wages earned and unpaid at the time of Plaintiff's or other former Employees' discharge from employment by Defendants;

b.     violation of California Labor Code § 202 by failing to pay all wages earned and unpaid within 72 hours of the time of quitting by Plaintiff or other former Employees from their employment by Defendants;

c.     violation of California Labor Codes §§ 204 and 210 for failure to pay wages due;

d.     violation of California Labor Code §§ 216 and 225.5 by willfully refusing to pay wages due and payable after demand was made while having the ability to pay, and by falsely denying the amount or validity thereof, or that the same is due, with intent to secure for themselves any discount upon such indebtedness, and with intent to annoy, harass, oppress, hinder, delay, or defraud, Plaintiff or other current and former Employees to whom such indebtedness is due;

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1          e.      violation of California Labor Code § 223 by secretly paying a lower wage

2  to Plaintiff or other current and former Employees while purporting to pay the wage designated

3  by statute or by contract;

4          f.      violation of California Labor Code § 226.3 by failing to provide Plaintiff

5  or other current and former Employees with accurate wage statements;

6          g.      committing a misdemeanor in violation of California Labor Code § 226.6

7  by knowingly and intentionally violating the provisions of California Labor Code § 226;

8          h.      violation of California Labor Code § 226.7 by requiring Plaintiff or other

9  current and former Employees to work during meal periods and rest breaks mandated by Wage

10  Order 4 and failing to provide said Employees one (1) hour additional wages at the non-exempt

11  employee's regular rate of compensation for each work day that the meal period is not provided

12  and one (1) hour additional wages at the non-exempt employee's regular rate of compensation for

13  each work day that a rest break is not provided;

14          I.      violation of California Labor Code § 510 by failing to compensate Plaintiff

15  or other current and former Employees at the rate of no less than one and one-half times the

16  regular rate of pay for an employee for all work in excess of eight (8) hours in one workday and

17  any work in excess of forty (40) hours in any workweek and the first eight (8) hours worked on

18  the seventh day of work in any one workweek, and by failing to compensate Plaintiff or other

19  current and former Employees at the rate of no less than twice the regular rate of pay for an

20  employee for work in excess of twelve (12) hours in one day and any work in excess of eight (8)

21  hours on any seventh day of a workweek;

22          j.      violation of California Labor Code § 512 by failing to provide Employees

23  with a meal period of not less than 30 minutes for every work period of more than five hours per

24  day and by not providing Employees with a second meal period of not less than 30 minutes for a

25  work period of more than 10 hours per day;

26          k.      Defendants violated Labor Code § 558 and provisions of IWC Wage Order

27  10 by failing to pay minimum wage, overtime wages for all hours worked; failing to authorize

28  and permit rest periods and provide meal periods and failing to keep accurate information with

1    respect to all hours worked, including the beginning and ending of each day of work and meal

2    period.

3            l.    violation of Wage Order 10 for failing to authorize and permit all

4    employees to take rest periods, which insofar as practicable shall be in the middle of each work

5    period, based on the total hours worked daily at the rate of ten (10) minutes net rest time per four

6    (4) hours or major fraction thereof;

7            m.    violation of California Labor Code §§ 1197 and 1198 by failing to pay

8    minimum and/or overtime wages for all hours worked by Employees;

9            n.    violation of California Labor Code § 1197.1 by failing to pay minimum

10    and/or overtime wages for all hours worked by  Employees;

11            o.    violation of California Labor Code §§ 1198 and 1199 by violating or

12    causing violations of the IWC Wage Order 10.

13            p.    Defendants' violation of Labor Code §226.8 by wilfully misclassifying

14    card dealers as independent contractors and not employees;

15            q.    Defendants' failure to comply with the requirement of Labor Code §2802

16    to reimburse employees' expenses;

17            r.    Defendants' failure to comply with the requirement of Labor Code §221 not

18    to charge employees for expenses;

19        Defendants' acts and omissions alleged herein also constitute unfair and unlawful

20    practices in violation of Cal. Bus. & Prof. Code §§ 17200 et seq. because Defendants' practices

21    violate the above noted laws, and/or violate an established public policy and/or the practice is

22    immoral, unethical, oppressive, unscrupulous and substantially injurious to Plaintiff and other

23    current and former Employees, and the public.

24        64.    Business & Professions Code §§17200 et seq. defines unfair competition to

25    include any "unfair," "unlawful," or "deceptive" business practice. Business & Professions Code

26    §§17200 et seq. provides for injunctive and restitutionary relief for violations. Defendants'

27    failure to provide their employees with lawful minimum or overtime wages, meal or rest period

28

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

premiums, timely payment of wages, contractual wages and reimbursement of expenses,
constitutes an unfair, unlawful and deceptive business practice.

65.    As a direct and proximate result of Defendants' conduct as alleged herein,
Plaintiffs and current and former employees of Defendants have been damaged as a result of
Defendants' failure to provide their employees with lawful minimum or overtime wages, meal or
rest period premiums, timely payment of wages, contractual wages and reimbursement of
expenses.

66.    Under Business & Professions Code §§17200 and 17203, Plaintiffs and current
and former employees of Defendants are entitled to restitution of all unpaid minimum and
overtime wages, unpaid meal and rest premium wages equal to one hour for each day they missed
meal and/or rest periods, contractual wages unreimbursed expenses, and unpooled tips,
wrongfully withheld by Defendants, together with interest thereon.

67.    Under Business & Professions Code §§17200 and 17203, Plaintiffs and current
and former employees of Defendants are also entitled to recover penalties under Labor Code
§§203 and 226.

68.    Under Business & Professions Code §17203, Plaintiffs seeks on their own behalf
and on behalf of the People of the State of California an order enjoining Defendants from
continuing its aforesaid unlawful practices.  Injunctive relief is appropriate to avoid a multiplicity
of suits for continuing violations of Business & Professions Code §§17200 et seq.

## NINTH CAUSE OF ACTION

**(Penalties under Labor Code §§2698 and 2699 (Private Attorney General Act))**

**(By Plaintiffs against Defendants and DOES 41-45)**

69.    Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 68
and incorporates the same by reference as though fully set forth herein.

70.    On or about April 10, 2018, Plaintiffs provided written notice by certified mail to
the Labor and Workforce Development Agency ("LWDA") and Defendants of the specific
violations of the California Labor Code that Defendants have violated and continue to violate,
including the facts and theories that supported each alleged violation.

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

71.     On or about April 10, 2018, Plaintiffs provided written notice by certified mail to the employers of the specific violations of the California Labor Code that Defendants have violated and continue to violate, including the facts and theories that supported each alleged violation.

72.     As of May 17, 2018, neither the LWDA nor the Department of Industrial Relations, Division of Labor Standards Enforcement have indicated an intention to investigate the alleged violations.

73.     Accordingly, Plaintiffs have exhausted all administrative procedures required of them under Labor Code §§2698, 2699 and 2699.3, and as a result, are justified as a matter of right in bringing forward this cause of action.

74.     As a result of the acts alleged above, Plaintiffs seek penalties under Labor Code §§2698 and 2699 because of Defendants' violation of numerous provisions of the California Labor Code.

75.     Plaintiffs seek penalties for Defendants' conduct as alleged herein as permitted by law.

76.     Under Labor Code §558, Plaintiffs are entitled to $50 for any initial violation and $100 for all subsequent violations of the above-mentioned provisions of the California Labor Code, plus an amount sufficient to recover underpaid wages.

77.     Under Labor Code §2699, Plaintiffs should be awarded twenty-five percent (25%) of all penalties due under California law, interest, attorneys' fees and costs.

78.     Under Labor Code §2699, the State of California should be awarded seventy-five percent (75%) of the penalties due under California law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

1.     For unpaid minimum wages, according to proof, together with interest thereon, for Plaintiffs;

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

2.    For an amount equal to the unpaid minimum wages, according to proof, together with interest thereon under <u>Labor Code</u> §1194.2, together with interest thereon, for Plaintiffs;

3.    For an award of all unpaid overtime wages in an amount to be proven at trial.

4.    For 30-day penalties under <u>Labor Code</u> §203, according to proof, together with interest thereon, for Plaintiffs;

5.    For one hour of pay for each workday that a meal period was missed, according to proof, for Plaintiffs;

6.    For one hour of pay for each workday that a rest period was missed, according to proof, for Plaintiffs;

7.    For a wage premium of fifty dollars ($50) for the first period for which Defendants supplied Plaintiff paycheck deduction statements in violation of Labor Code § 226 and one hundred dollars ($100) for each subsequent pay period for which Defendants supplied Plaintiff paycheck deduction statements in violation of Labor Code § 226, for Plaintiff;

8.    For an order enjoining Defendants from continuing to not provide paycheck deduction statements violating Labor Code § 226;

9.    For reimbursement of all expenses incurred in direct consequence of the discharge of their duties or of their obedience to the directions of the employer according to proof, together with interest thereon, for Plaintiffs;

10.    For a civil penalty of not less than five thousand dollars ($5,000) and not more than fifteen thousand dollars ($15,000) for each violation, under <u>Labor Code</u> §226.8;

11.    For a civil penalty of not less than ten thousand dollars ($10,000) and not more than twenty-five thousand dollars ($25,000) for each violation, under <u>Labor Code</u> §226.8;

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

12. For restitution of full amounts, plus interest at the legal rate, of all lawful minimum or overtime wages, meal or rest period premiums, and reimbursement of expenses, and rest period premium wages for Plaintiffs and current and former employees of Defendants;

13. For an order enjoining Defendants from continuing to engage in the aforementioned unlawful business practice in violation of <u>Business & Professions Code</u> §§17200;

14. For penalties under <u>Labor Code</u> §2699;

15. For attorneys' fees, expenses and costs under <u>Labor Code</u> §§1194, 2802, and 2699;

16. For interest under <u>Labor Code</u> §§218.6, 1194, and 2802; and,

17. For such other and further relief as the Court deems just and proper.


DATED:   May 29, 2018

Jennifer A. Carver, Attorney for Plaintiffs, DARCY VILLERS; KYLE KING; WILLIAM E. HOLMES; JEREMY CANCIO

17

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

Hutkin Law Firm, APC, 1220 Marsh Street, San Luis Obispo, CA 93401

A true and correct copy of the foregoing document entitled (*specify*):  NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. SEC. 362 (with supporting declarations) (ACTION IN NONBANKRUPTCY FORUM)

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 08/26/2022           , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

ATTORNEY FOR DEBTOR, Todd C. Ringstad, Esq.: becky@ringstadlaw.com; arlene@ringstadlaw.com
TRUSTEE, Sandra McBeth (TR): jwalker@mcbethlegal.com; CA65@ecfcbis.com; ecf.alert+McBeth@titlexi.com
ATTORNEY FOR TRUSTEE, Timothy J. Yoo, Esq.: tjy@lnbyb.com
UNITED STATES TRUSTEE (ND): ustpregion16.nd.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) 08/26/2022           , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

PRESIDING BANKRUPTCY JUDGE, Honorable Ronald A. Clifford III, U.S. Bankruptcy Court, Northern Division, 1415 State Street, Suite 233, Santa Barbara, CA 93101

DEBTOR, PRCCC, INC., PO Box 1830, Paso Robles, CA 93446

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)                   , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
None

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 08/26/2022 | Donald L. Mabry | | /s/  Donald L. Mabry |
|---|---|---|---|
| *Date* | *Printed Name* | | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.