1
Allen K. Hutkin (SBN 143200)
*ahutkin@hutkinlaw.com*

2
Donald L. Mabry (SBN 187750)
*dmabry@hutkinlaw.com*

3
HUTKIN LAW FIRM, APC
1220 Marsh Street

4
San Luis Obispo, CA 93401
Telephone: (805) 544-1500

5
Facsimile: (805) 544-1532

6
Attorneys for Creditors/Movants
DARCY VILLERS, WILLIAM E.

7
HOLMES AND KYLE KING

8

9
UNITED STATES BANKRUPTCY COURT

10
CENTRAL DISTRICT OF CALIFORNIA – NORTHERN DIVISION

11
In re                                    )    CASE NO: 9:22-BK-10592-RC
                                         )
12
PRCCC, INC., a California corporation,   )
                                         )    **REPLY TO DEBTORS' OPPOSITIONS**
13
                                         )    **TO MOTION FOR RELIEF FROM THE**
                                         )    **AUTOMATIC STAY; DECLARATION**
14
                                         )    **OF ALLEN K. HUTKIN IN SUPPORT**
                                         )    **THEREOF**
15
          Debtor and                     )
          Debtor-in-Possession           )
16
                                         )    Hearing:
                                         )    Date:   September 20, 2022
17
                                         )    Time:   10:00 a.m.
                                         )    Place:  Courtroom 201
18
                                         )            1415 State Street
                                         )            Santa Barbara, CA 93101
19
_____)

20

21

22

23
    TO THE HONORABLE RONALD A. CLIFFORD III, UNITED STATES

24
BANKRUPTCY JUDGE:

25
    Creditors/Movants Darcy Villers, William E. Holmes and Kyle King (hereinafter

26
collectively referred to as "Movant"), hereby reply to the Oppositions to the Motion for Relief

27
from the Automatic Stay filed by PRCCC, Inc. (the "Debtor"), and Donald G. Ezzell ("Ezzell"),

28
the sole owner, Secretary and Director of the Debtor as follows:

1  I.    DEBTOR/EZZELL'S OPPOSITIONS CITE NO APPLICABLE LEGAL

2        AUTHORITY AND LITTLE, IF ANY, EVIDENCE

3        This is a Chapter 7 proceeding. The Debtor, a corporation, will <u>not</u> receive a discharge.

4  This distinguishes this case from every case cited in the oppositions to this motion. Those cases

5  all involve a Chapter 11 or an individual seeking a discharge under Chapter 7. The Trustee does

6  not oppose this motion.

7        The Debtor has not provided the court with a scintilla of evidence supporting any of the

8  assertions made by Debtor in opposition. The limited amount of evidence provided by Ezzell is

9  not credible. Other than Ezzell's conclusory statement in his declaration, there is no credible

10  evidence presented which supports the assertion that the Debtor has been losing money for 4-5

11  years. Debtor was listed for sale last summer. See listing on www.bizbuysell.com dated June 11,

12  2021 (Decl. of Allen K. Hutkin ¶ 2, Ex. A). The asking price was $2,650,000.[1]  The listing states

13  this is an "[e]stablished fully licensed card room casino, restaurant, lounge and bar" and that a

14  "[s]imilar casino in Oxnard, CA valued a $35M." The listing also states "[t]here is no

15  competition in the area, nearest casino is 100 miles away. The property is located on the 101

16  Freeway with direct access. ... Rare opportunity to corner the gaming market for 100 miles."

17        The Debtor and Ezzell now claim the <u>net proceeds </u>of the sale of Debtor was

18  approximately $100,000.00.  Other than a unsupported statements, there is no evidence as to the

19  purported sale of the Debtor's assets on August 1, 2022, nor is any such sale, outside the course

20  of the Debtor's ordinary business, disclosed at part 13 of the Debtor's Statement of Financial

21  Affairs. Ezzell may have transferred the business to another insider entity.

22  II.   ADMINISTRATION OF THIS CASE WOULD BE BEST SERVED BY

23        GRANTING THIS MOTION.

24        The only real benefit to the Debtor filing this bankruptcy is the delay associated with the

25  Movant's ability to proceed against Ezzell, and the Debtor if relief is not granted as prayed. The

26  Debtor has listed all the movant's claims as being contingent, unliquidated and disputed.  "Where

27  _____

28    [1]  This price presumably included the real estate.

1  a state or federal district court action was pending against the debtor prepetition, the plaintiff will

2  often move to have the stay modified to allow the nonbankruptcy court action to proceed to

3  judgment (to liquidate the amount of a claim) but prohibit enforcement of the judgment. The

4  judgment is then filed as a claim against the debtor in the bankruptcy case. These motions are

5  frequently granted because they relieve the bankruptcy court from having to determine the

6  validity of plaintiff's claim against the debtor." C. Motions for Relief from Stay, Cal. Prac. Guide

7  Bankruptcy Ch. 8 § 8:1546. See also, 28 USC § 1334(c)(1).

8      Movant's case involves California wage and hour laws and representative action issues

9  that are best determined by the state court which is very familiar with them. Debtor filed

10  bankruptcy shortly before trial was set to commence in Movant's case which has been pending in

11  state court since May 29, 2018. Letting the case proceed to judgment in state court (to liquidate

12  the amount of a claim) but prohibiting enforcement of the judgment against Debtor outside of the

13  bankruptcy[2] will allow the claims to be liquidated but the bankruptcy court to maintain control

14  over the bankruptcy estate.

15  **III.    MOVANT PRIMARILY SEEKS RECOVERY AGAINST A THIRD PARTY**

16      The other defendant in the State Court Action is Donald G. Ezzell, the sole shareholder,

17  officer, and director of Debtor. Ezzell is directly liable under California law under a "joint

18  employer" theory as established by Martinez v. Combs (2010) 49 Cal.4th 35; under California's

19  Unfair Competition Law which provides that "[a]ny person who engages, has engaged, or

20  proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction"

21  (Business & Professions Code §§ 17203, 17535; under the Labor Code Private Attorney General

22  Act (" PAGA") and the Labor Code as the Labor Code imposes personal liability for wages on

23  the part of corporate owners, officers, directors and shareholders; and under the alter ego

24  doctrine.[3]

25

26      [2]    Movant will then file a proof(s) of claim against the Debtor.

27      [3]    Ezzell fails to cite to any applicable legal authority which would extend the automatic
     state to Ezzell based on an alter ego claim or indemnity, discussed below. Those cases all involve
28  a Chapter 11 or an individual seeking a discharge under Chapter 7.

REPLY TO DEBTORS' OPPOSITIONS TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY

1    Here, Ezzell appears to have placed Debtor into bankruptcy in hopes of running out the

2    clock on Movant's individual claims against Ezzell. California Code of Civil Procedure

3    §583.310 provides that "An action shall be brought to trial within five years after the action is

4    commenced against the defendant." As noted, this action was filed in state court on May 29,

5    2018. Debtor and Ezzell claim in their oppositions that the automatic stay applies to both of

6    them. They have made this same claim in state court. The Court vacated the trial date and the

7    pre-trial conferences because it did not want to possibly violate the automatic stay. This case is

8    ready to be tried quickly. Discovery has been cutoff since January 26, 2020. Given the age of this

9    case, it will have trial priority over virtually all cases set for trial and a trial date will likely be set

10   before the end of the year.  The Court has promised that this matter will quickly be set for trial on

11   October 13, 2022, if the stay is lifted.

12   **IV.    MOVANT SHOULD BE ABLE TO PROCEED AGAINST EZZELL EVEN IF**

13          **THE COURT IS UNWILLING TO GRANT THIS MOTION**

14         Even if the court is unwilling to allow Movant to proceed as requested, the Court should

15   allow Movant to move to bifurcate in the underlying state court action so as to proceed solely

16   against Ezzell, leaving the state court claims against the Debtor in abeyance, and if necessary,

17   deal with the Debtor thereafter through the bankruptcy claim process. Ezzell will not be

18   prejudiced by the Debtor not being involved at trial, as he claims, as he can subpoena former

19   employees to testify and as sole owner, officer, and director he will have access to the Debtor's

20   documents and can make copies of them for the trial in state court.

21         Ezzell's indemnification claim is also not a basis for denying this motion. See footnote 3.

22   According to the Debtor's schedule A, the Debtor filed its Chapter 7 petition with $92,735.15 in

23   the bank, after paying Chapter 7 counsel $20,000.00 in accordance with the disclosure of

24   Compensation of Attorneys for Debtor; and making $358,395.55 in payments to creditors within

25   the ninety days prior to filing according to the statement of Financial Affairs which included

26   $119,159.25 directly to Don Ezzell (the Petition's signatory for the Debtor and 100% owner of

27   the Debtor) or his related insider entities.  While Don Ezzell is currently the largest unsecured

28   creditor, with a listed claim of $707,154.00, that claim is disclosed as having arisen over a ten

4

REPLY TO DEBTORS' OPPOSITIONS TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY

year period, and is described simply as being based upon "Loans Payable, Indemnity". In total, the Debtor has scheduled more than $850,000.00 of nonpriority unsecured. Given that Ezzell is the sole owner, officer, and director, and based upon the foregoing described insider preferences, Ezzell may eventually end up with no claim against the estate.

## V.    CONCLUSION

The Debtor/Ezzell fail to cite any applicable legal authority or credible evidence which supports denying this motion. The administration of this case would be best served by granting this motion. Ezzell is individually liable to Movant and, if the court is unwilling to allow Movant to proceed as requested, the Court should allow Movant to proceed against Ezzell by bifurcating the underlying claim, and if necessary, deal with the Debtor thereafter through the bankruptcy claim process.

Based on the foregoing, Movant have established "cause" for relief from the automatic stay and, therefore, this motion should be granted.

Dated: September 12, 2022

**HUTKIN LAW FIRM, APC**

Allen K. Hutkin, Attorney for
Attorneys for Creditors/Movants
DARCY VILLERS, WILLIAM E.
HOLMES AND KYLE KING

REPLY TO DEBTORS' OPPOSITIONS TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY

## DECLARATION OF ALLEN K. HUTKIN

I, Allen K. Hutkin declare as follows:

1.     I am an attorney duly licensed and admitted to practice law before the courts of the State of California. I am also admitted to practice before the United States District Court for the Central District of California. I am one of the attorneys of record for creditors and movants Darcy Villers, Kyle King, and William E. Holmes in this matter. I have personal knowledge of the information set forth herein and if called to do so, I could and would testify competently to the facts set forth below.

2.     Debtor was listed for sale last summer. Attached hereto as Exhibit "A" is a true and correct copy of the listing on www.bizbuysell.com dated June 11, 2021.

3.     This action was filed on May 29, 2018 in San Luis Obispo County Superior Court. As noted in the moving papers, the court in San Luis Obispo is very familiar the California wage and hour laws and representative action issues that are involved in this case.

4.     Debtor filed bankruptcy shortly before trial was set to start.

5.     Debtor and Ezzell claim in their oppositions that the automatic stay applies to both of them. They have made this same claim in state court. The Court vacated the trial date and the pre-trial conferences because it did not want to possibly violate the automatic stay.

6.     This case is ready to be tried quickly. Discovery has been cutoff since January 26, 2020. Given the age of this case, it will have trial priority over virtually all cases set for trial and a trial date will likely be set before the end of the year. The Court has promised that this matter will quickly be set for trial on October 13, 2022, if the stay is lifted.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct. Executed this 12th day of September at San Luis Obispo, California.

Allen K. Hutkin,

REPLY TO DEBTORS' OPPOSITIONS TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Exhibit "A"

o Robles Gaming Casino Bar & Lounge in Paso Robles, California - BizBuySell          https://www.bizbuysell.com/Business-Opportunity/paso-robles-gaming-casino-bar-and-loung

# Paso Robles Gaming Casino Bar & Lounge

Paso Robles, CA (San Luis Obispo County)



| | |
|---|---|
| Asking Price: | $2,650,000 |
| Cash Flow: | N/A |
| Gross Revenue: | N/A |
| EBITDA: | N/A |
| FF&E: | $0 |
| Inventory: | N/A |
| Real Estate: | N/A |

By clicking the button, you agree to BizBuySell's Terms of Use (/terms-of-use) and Privacy Policy (/privacy.htm)



(/business-broker
/john-diguiseppe
/investors-hospitality-
management-and-
dev/31500/)

**Business Listed By:**
john diguiseppe (/business-broker
/john-diguiseppe/investors-
hospitality-management-and-
dev/31500/)

Investors Hospitality Management & Dev

844-883-5805
(tel:844-883-5805)

⚠ Report an issue with this listing

o Robles Gaming Casino Bar & Lounge in Paso Robles, California - BizBuySell          https://www.bizbuysell.com/Business-Opportunity/paso-robles-gaming-casino-bar-and-loung

Established:                              2016

## Business Description

Very rare opportunity to own a turn-key CardRoom Casino, Bar & Restaurant.
The Casino currently operates 6 licensed gaming tables with future upside of 18
in the City of Paso Robles. Paso Robles is booming with more than 300 wineries
and 5000 hotel rooms at every price point. The New York Times recently rated
Paso Robles #6 on its all-time bucket list of places to visit. Now you can grab
this one-of-a-kind very cool turn-key casino, bar and restaurant complete with
all operating licenses and installed talent. www.pasoroblescasino.com. Seller
can assist transition with training and consulting services post-closing. Paso
Robles is at the heart of the California Central Coast and it is a vibrant food,
wine, craft beer, distilled spirits and tourist destination. The casino is located at
Interstate Highway 101 North at Highway 46 East, the busiest traffic epicenter
in the area, in the Entertainment District adjacent to the Mid-State
Fairgrounds. Approximately 3400 sq. ft. detached facility was completely
renovated and retrofitted in 2017. It is now a direct entry commercial single
story combination European-style casino, bar, and restaurant plus outdoor
patios and 52-space parking lot. Buying the real estate and business together
as an integrated asset is preferred, but Seller will consider offers to purchase
the business with a long term lease. The State of California is not issuing any
more gaming licenses, making the upside exclusive and significant. The nearest
casino competition is 100 miles away.

Potential buyer should have a strong financial history and no felony convictions
or other serious legal complications in order to become an approved operator
with the California Gambling Control Commission.

## Attached Documents

Projects in the Pipeline (https://images.bizbuysell.com/shared/listings/173/1733489/ca67d1bf-91a9-4253-9541-deaeebea9932.pdf)

o Robles Gaming Casino Bar & Lounge in Paso Robles, California - BizBuySell          https://www.bizbuysell.com/Business-Opportunity/paso-robles-gaming-casino-bar-and-loung

## Detailed Information

| | |
|---|---|
| Location: | Paso Robles, CA |
| Inventory: | Included in asking price |
| Real Estate: | Owned |
| | Included in asking price |
| Building SF: | 3,400 |
| Employees: | 20 |
| Facilities: | Real estate, fully operational gaming business, restaurant, lounge and bar. 51 parking spaces with overflow for 100 additional spaces |
| Competition: | The State of California is not issuing anymore gaming licenses. There is no competition in the area, nearest casino is 100 miles away. The property is located on the 101 Freeway with direct access. |
| Growth & Expansion: | Established fully licensed card room casino, restaurant, lounge and bar. Indoor & outdoor seating, parking for 51 spaces with extra parking available across the street. City of Paso Robles allows 18 card tables. Similar casino in Oxnard, CA valued a $35M. |
| Financing: | Rare Opportunity to Corner the Gaming Market for 100 miles |
| Support & Training: | Long term professionally trained dealers and casino personnel in place yielding huge profits. |
| Reason for Selling: | Family Issues |

o Robles Gaming Casino Bar & Lounge in Paso Robles, California - BizBuySell          https://www.bizbuysell.com/Business-Opportunity/paso-robles-gaming-casino-bar-and-loung

## Business Location

**Business Website:**  http://www.pasoroblescasino.com
soroblescasino.com)



## Listing Statistics

Saved This Listing:
🔒 Unlock (/Membership/BizBuySellEdge)

Days Active On Site:
🔒 Unlock (/Membership/BizBuySellEdge)

Appeared in Search:
🔒 Unlock (/Membership/BizBuySellEdge)

Listing Detail Views:
🔒 Unlock (/Membership/BizBuySellEdge)

o Robles Gaming Casino Bar & Lounge in Paso Robles, California - BizBuySell

https://www.bizbuysell.com/Business-Opportunity/paso-robles-gaming-casino-bar-and-loung

Ad#:1733489

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

Hutkin Law Firm, APC, 1220 Marsh Street, San Luis Obispo, CA 93401

A true and correct copy of the foregoing document entitled (*specify*): REPLY TO DEBTORS' OPPOSITIONS TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY; DECLARATION OF ALLEN K. HUTKIN IN SUPPORT THEREOF

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 09/13/2022_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

ATTORNEY FOR DEBTOR, Todd C. Ringstad, Esq.: becky@ringstadlaw.com; arlene@ringstadlaw.com
TRUSTEE, Sandra McBeth (TR): jwalker@mcbethlegal.com; CA65@ecfcbis.com; ecf.alert+McBeth@titlexi.com
ATTORNEY FOR TRUSTEE, Timothy J. Yoo, Esq.: tjy@lnbyb.com
UNITED STATES TRUSTEE (ND): ustpregion16.nd.ecf@usdoj.gov

☑ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 09/13/2022_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
Via Overnight Mail Service:

PRESIDING BANKRUPTCY JUDGE, Honorable Ronald A. Clifford III, U.S. Bankruptcy Court, Northern Division, 1415 State Street, Suite 233, Santa Barbara, CA 93101

☑ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 09/13/2022 | Donald L. Mabry | | /s/ Donald L. Mabry |
|---|---|---|---|
| *Date* | *Printed Name* | | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

**Attachment** to F 9013-3.1.PROOF OF SERVICE

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

Additional Persons Served Via NEF:

ATTORNEY FOR DEBTOR: Christopher Minier, Esq.: becky@ringstadlaw.com; arlene@ringstadlaw.com
ATTORNEY FOR DEBTOR: Thomas L. Vincent, Esq.: tlv@paynefears.com; ccason@paynefears.com

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for
each person or entity served):

Additional Persons Served Via Overnight Mail Service:

ATTORNEYS FOR DONALD G. EZZELL:

Donald G. Ezzell, Esq.
The General Counsel Group, P.C.
1144 Black Oak Drive
Paso Robles, California 93446

Benjamin A. Nix, Esq.
Andrew K. Haeffele, Esq.
Payne & Fears LLP
4 Park Plaza, Suite 1100
Irvine, California 92614