Allen K. Hutkin (SBN 143200)
ahutkin@hutkinlaw.com
Donald L. Mabry (SBN 187750)
dmabry@hutkinlaw.com
HUTKIN LAW FIRM, APC
1220 Marsh Street
San Luis Obispo, CA 93401
Tel: (805) 544-1500
Fax: (805) 544-1532

Attorneys for Creditors/Movants
DARCY VILLERS, WILLIAM E.
HOLMES AND KYLE KING

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – NORTHERN DIVISION

| | |
|---|---|
| In re<br><br>PRCCC, INC., a California Corporation<br><br>Debtor and<br>Debtor-in-Possession | Case No.: 9:22-BK-10592 RC<br><br>**CREDITORS/MOVANTS SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY**<br><br>Hearing:<br>Date:  February 21, 2023<br>Time:  10:00 a.m.<br>Place:  Courtroom 201<br>　　　　1415 State Street<br>　　　　Santa Barbara, CA 93101 |

TO THE HONORABLE RONALD A. CLIFFORD III, UNITED STATES BANKRUPTCY JUDGE:

Creditors/Movants, Darcy Villers, William E. Holmes, and Kyle King, hereby submit this Supplemental Brief in support of their Motion for Relief from the Automatic Stay, and respectfully state as follows.

## I. Background

On October 17, 2022, Movants filed their Motion for Relief from the Automatic Stay

(the "Motion") in connection with the State Court Action against the Debtor, PRCCC, Inc., and co-defendant Donald G. Ezzell, a creditor of the Debtor (the "State Court Action"). The Motion seeks limited relief from the automatic stay, as necessary, to allow Movants to pursue bifurcation of the State Court Action in order to pursue their claims against Ezzell alone while leaving the stay undisturbed as to the Debtor.

On December 13, 2022, the Court issued a tentative ruling indicating that it was inclined to deny stay relief because the proposed Motion to Bifurcate sought leave to continue their State Court litigation against Ezzell, a non-debtor third party, rather than the Debtor itself and, as a sections 362(a)(1)-(8) of the Bankruptcy Code did not apply. Movants raised during oral argument that service of the Notice of Motion to Bifurcate on Debtor may constitute the employment of process under USC section 362(a)(1) which would violate the automatic stay. Given the foregoing, the Court directed Movants to provide the court with the proposed Motion to Bifurcate and the court requested supplemental briefing on:

1) What the Debtor's response would need to be or could be to the Motion to Bifurcate; and

2) How filing of the Notice of Motion to Bifurcate would affect the Debtor's standing in the state court case itself.[1]

## II. Argument

Congress intended the scope of the automatic stay to be broad and exceptions to its applicability narrow. *In re Stringer*, 847 F.2d 549, 552 (9th Cir. 1988). Given this broad scope, Movants believed that filing their proposed Motion to Bifurcate, a copy of which is attached hereto as Exhibit "A", was something more than a mere ministerial act and thus required leave of the Court. *Chase Manhattan Bank v. Pulcini (In re Pulcini)*, 261 B.R. 836, 841 (Bankr. W.D. Pa. 2001) ("Ministerial acts, even if undertaken postpetition within context of judicial or other court proceeding, do not violate automatic stay").

---

[1] "...you can augment the motion with a copy of what you intend on filing, and also briefing the Court on what the Debtor's response would need to be or could be. And lastly, how this, the filing of this notice would affect the Debtor's standing in the state court case itself." (Dec. 13th Hearing Tr. at 11:1-5.).

In particular, subsection 362(a)(1) provides that a petition for relief operates as a stay of

> the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case[.]

11 U.S.C. § 362(a)(1). Although the Court correctly notes that the Motion to Bifurcate seeks only to continue litigation against Ezzell rather than the Debtor itself, the motion does not seek to dismiss the Debtor as a party to the suit altogether. Thus, it is at least arguable, given the broad applicability of the automatic stay, that the Motion to Bifurcate would constitute the continuation of the State Court Action against the Debtor or that service of the notice of motion and motion would constitute the employment of process.

Movants would not oppose a ruling by this Court denying the Motion based on an explicit conclusion of law that service of the Motion to Bifurcate on the Debtor does not violate the automatic stay.[2] As Movants' counsel noted at the recent hearing held on the Motion, Ezzell has represented to the State Court, and the State Court has accepted, that the State Court Action is stayed as to all parties absent an order of this Court. (Dec. 13th Hearing Tr. at 5:4-5:11.). An order of the Court expressly denying the Motion on the basis that the automatic stay does not apply to Ezzell and to service of the Motion would resolve the current impasse in State Court.

Turning to the Court's question concerning the Debtor's potential response to the proposed motion, Movants do not believe that any response will be required or forthcoming on the Debtor's behalf. This is so, because the Chapter 7 Trustee, the sole person with authority to oppose the Motion to Bifurcate, has not objected to the relief requested in the instant Motion or the previous Motion for Relief from the Automatic Stay. *See In re Lopez*, No. 2:21-bk-16378-ER, 2022 Bankr. LEXIS 3587, at *12-13 (Bankr. C.D. Cal. Dec. 20, 2022) ("When the Debtor sought bankruptcy protection, the Trustee succeeded to all the Debtor's

---

[2] Contrary to Ezzell's assertion, Movants do not seek an advisory opinion or comfort order. A threshold question on any motion for stay relief is whether the automatic stay applies in the first instance.

3
CREDITORS/MOVANTS SUPPLEMENTAL BRIEF IN SUPPORT
OF MOTION FOR RELIEF FROM AUTOMATIC STAY

rights in the State Court Action—including the Debtor's right to defend against any adverse judgment that might be subsequently entered against her"); *In re Cashco, Inc.*, 599 B.R. 138, 148 (Bankr. D.N.M. 2019) ("Once a debtor files a voluntary petition under Chapter 7 of the Bankruptcy Code, the Chapter 7 Trustee steps into the shoes of the debtor with respect to all pre-petition claims and lawsuits involving the debtor, and only the Trustee has the authority and discretion to prosecute, defend and settle, as appropriate in its judgment, such causes of action") (internal quotes and citations omitted); *Abibo v. Sunset Mortg. Co., L.P.*, OK CIV APP 17, ¶16, 2007 OK CIV APP 17, 154 P.3d 715, 718 ("In the case of lawsuits or claims, the trustee, not the debtor, becomes vested as the real party in interest, with the debtor losing standing to prosecute or defend"); *Premier Self Storage, LLC v. Evans (In re Evans)*, Nos. 08-71204-CMS-07, 08-70044, 2009 Bankr. LEXIS 1054, at *15 (Bankr. N.D. Ala. Mar. 27, 2009) ("The duties of a Chapter 7 trustee include defending against prepetition causes of action filed against a debtor in order to prevent unfounded claims from being filed in a Chapter 7 bankruptcy case"). Having not opposed two Motions for Relief from the Automatic Stay, it defies common sense that the trustee would then oppose the Motion to Bifurcate. If, however, the trustee believes there is a basis to oppose bifurcation, the trustee remains free to oppose it in the State Court.

Finally, filing of the Notice of Motion to Bifurcate would not affect the Debtor's standing in the state court case itself. The Notice only notifies the Debtor of the Motion to Bifurcate seeking leave to continue the State Court litigation against Ezzell, a non-debtor third party, rather than the Debtor itself, so the notice of motion would not impact the Debtor's standing.

Dated: January 16, 2023                HUTKIN LAW FIRM, APC

By: _____
Allen K. Hutkin
Donald L. Mabry
Attorneys for Creditors/Movants
DARCY VILLERS, WILLIAM E.
HOLMES AND KYLE KING

4
CREDITORS/MOVANTS SUPPLEMENTAL BRIEF IN SUPPORT
OF MOTION FOR RELIEF FROM AUTOMATIC STAY

# EXHIBIT A

1  Allen K. Hutkin (#143200)
   Donald L. Mabry (#187750)
2  HUTKIN LAW FIRM
   1220 Marsh Street
3  San Luis Obispo, CA 93401
   Telephone: (805) 544-1500
4  Facsimile: (805) 544-1532

   James H. Cordes (#175398)
   Angelica J. Caro (#318821)
   James H. Cordes and Associates
   831 State Street, Suite 205
   Santa Barbara, CA 93101
   Telephone: (805) 965-6800
   Facsimile: (805) 965-5556

5  Lauren J. Peterson (#290949)
   5855 Topanga Canyon Blvd, Ste 400
6  Woodland Hills, CA 91367-4621
   Telephone (818) 703-7500
7  Facsimile: (818) 703-7498

8  Attorney for Plaintiffs
   DARCY VILLERS, an individual; KYLE KING an individual; WILLIAM E. HOLMES an
9  individual

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN LUIS OBISPO

| | |
|---|---|
| DARCY VILLERS, an individual; KYLE KING an individual; WILLIAM E. HOLMES an individual; JEREMY CANCIO, an individual<br><br>Plaintiffs,<br><br>v.<br><br>PASO ROBLES CASINO & CARD ROOM LOUNGE, a business entity, form unknown; PRCCC, INC., a California corporation; DONALD G. EZZELL, an individual; and DOES 1 through 70, inclusive,<br><br>Defendants. | Case No.: 18CVP-0175<br><br>(Assigned to the Hon. Tana L. Coates)<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO BIFURCATE THEIR CLAIMS AGAINST THE INDIVIDUAL DEFENDANT FROM THE CLAIMS AGAINST THE BANKRUPT CORPORATE DEFENDANT**<br><br>Date: _____, 2023<br>Time: _____ AM / PM<br>Dept: 4<br><br>*Complaint Filed:* May 29, 2018<br>*Trial Date:* None |

TO THE COURT AND TO ALL PARTIES AND THEIR ATTORNEY(S) OF RECORD HEREIN:

**PLEASE TAKE NOTICE** that on _____ 2023 at _____ AM / PM or as soon thereafter as the matter may be heard in Department 4 of the above-captioned court, Plaintiffs DARCY VILLERS ("Villers"), KYLE KING ("King"), and WILLIAM E. HOLMES

1

(Plaintiffs' Notice of Motion and Motion to Bifurcate Their Claims Against
the Individual Defendant from the Claims Against the Bankrupt Corporate Defendant)

1  ("Holmes") (collectively "Plaintiffs") will, and hereby do, move this Court for an order
2  bifurcating the claims of Plaintiffs against individual Defendant DONALD EZZELL (the
3  "Individual Defendant" or "Ezzell") from the claims against the bankrupt corporate Defendant
4  PRCCC, INC. (the "Corporate Defendant" or "PRCCC") to hear the claims against Ezzell.

5      The motion will be based on Evidence Code §§ 320, 598, and 1048, subd. (b), and on the
6  grounds that bifurcation will serve the ends of justice, the economy and efficiency of handling
7  the litigation (under Evidence Code §598) and separate trials will be conducive to expedition and
8  economy (under Evidence Code §1048, subd. (b) )

9      Because the Corporate Defendant filed a voluntary petition for relief under Chapter 7 of
10  the United States Bankruptcy Code (11 U.S.C. §§ 701-784), an automatic stay was imposed.
11  Under Chapter 7, PRCCC stopped operations and went completely out of business. Ezzell, on the
12  other hand, has not sought such protection and is not the beneficiary of a stay.

13      Plaintiffs would be prejudiced if the trial against Ezzell is not bifurcated because any
14  delay caused by the bankruptcy stay in favor of PRCCC risks dismissal of their claims under the
15  five-year limitations for trials to commence under Code of Civil Procedure §583.310.

16      Bifurcation simply recognizes the inevitable: the only Defendant who will ever appear in
17  this Court to be held accountable to Plaintiffs is Ezzell; the bankrupt corporate Defendant will
18  never appear because it is out of business.

19      This Motion will be based on this Notice of Motion, the Points and Authorities set forth
20  below, the papers, records and file in this action, and such oral and documentary evidence as may
21  be presented at the hearing of the motion.

22  DATED: January 16, 2023

Respectfully submitted,
[ELECTRONICALLY SIGNED]

/s/ *James H. Cordes*

James H. Cordes, Esq.
Attorney for Plaintiffs
DARCY VILLERS, KYLE KING,
WILLIAM E. HOLMES

2

(Plaintiffs' Notice of Motion and Motion to Bifurcate Their Claims Against
the Individual Defendant from the Claims Against the Bankrupt Corporate Defendant)

## I.

## INTRODUCTION

Plaintiffs seek bifurcation to proceed in this action against Ezzell, the sole shareholder, officer, and director of PRCCC. Plaintiffs allege Ezzell is directly liable for the wage and hour violations alleged in Plaintiffs' complaint because he is a "joint employer" established by Martinez v. Combs (2010) 49 Cal.4th 35, and Ezzell is also liable under California's Unfair Competition Law which provides that "[a]ny person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction" (Business & Professions Code §§ 17203, 17535); and Ezzell is also liable under the Labor Code §§ 2698 *et seq.*, the Labor Code Private Attorney General Act (" PAGA") and the Labor Code as the Labor Code imposes personal liability for wages on the part of corporate owners, officers, directors and shareholders; and Ezzell is also liable under under the alter ego doctrine.

PRCCC has filed a Chapter 7 bankruptcy (i.e., a liquidation) and not a reorganization under Chapter 11. Under Chapter 7, PRCCC has stopped operations and is out of business. Thus, PRCCC will not appear at trial.

## II.

## STATEMENT OF FACTS

Plaintiffs Villers, King, and Holmes are former employees of the Paso Robles Casino and Card Room ("Casino") located in Paso Robles. Plaintiffs allege they were misclassified as independent contractors and are therefore entitled to unpaid wages, meal and rest period violations, and other Labor Code violations, including penalties under the Private Attorneys General Act ("PAGA"). Plaintiffs allege that PRCCC was the corporate entity that owned and operated the Casino. Plaintiffs allege that Ezzell was the Chief Executive Officer, Secretary, Chief Financial Officer, and agent for service for PRCCC, as well as Plaintiffs' former direct supervisor, and was a person acting on behalf of an employer who violates, or causes to be violated, California wage and hour law  Plaintiffs allege Ezzell is individually liable under various legal theories. (Cordes Decl. ¶ 2.)

3

(Plaintiffs' Notice of Motion and Motion to Bifurcate Their Claims Against
the Individual Defendant from the Claims Against the Bankrupt Corporate Defendant)

Plaintiffs' complaint states causes of action for (1) Misclassification as Independent Contractor under Labor Code §226.8; (2) Unpaid Minimum Wages under Labor Code §§ 1194 and 1197; (3) Nonpayment of Overtime Compensation under Labor Code §§ 510, 558, 1194, 1197.1, 1198, and IWC Wage Order 10; (4) Premium Pay for Rest Period Violations under Labor Code §226.7; (5) Premium Pay for Meal Period Violations Labor Code §§ 226.7 and 512; (6) Itemized Wage Statement Violation under Labor Code §§ 226, 226.3 and 226.6, 1174 and 1174.5; (7) Waiting Time Penalty for Nonpayment of Wages Labor Code §§ 201, 202 and 203; (8) Violation of Unfair Business Practices (Bus. & Prof. Code § 17200 *et seq.*); and (9) Civil Penalties for Violation of the Private Attorneys General Act Labor Code §2699 *et seq.* (Cordes Decl. ¶ 3.) Plaintiffs' complaint alleges that Ezzell is their employer and would be liable as the employer for the wage and hour violations. (Cordes Decl. ¶ 4.)

On or about August 3, 2022, mere days before trial was to begin, PRCCC filed a Chapter 7 Voluntary Petition for Non-Individuals in United States Bankruptcy Court, C.D. California, case no. 9:22-bk-10592. (Cordes Decl. ¶ 5.) As of this writing, Plaintiffs have no notice that Ezzell has filed for personal bankruptcy protection. (Cordes Decl. ¶ 6.)

As the sole shareholder, officer, and director of PRCCC, Ezzell presumably has access to all PRCCC records and the contact information of any PRCCC former employees and clients who may have testimonial evidence. (Cordes Decl. ¶ 7.) No involvement from PRCCC would be necessary for Ezzell to gather this evidence.

Further, PRCCC has produced records and other discovery responses which could be used by Ezzell in his defense at trial. (Cordes Decl. ¶ 8.) Again, no involvement from PRCCC would be necessary for Ezzell to gather this evidence.

### III.
### ARGUMENT

**A.    Authority for motion.**

On motion of any party, or on the court's own motion, the liability issues may be ordered tried first, commonly known as "bifurcation."

4

(Plaintiffs' Notice of Motion and Motion to Bifurcate Their Claims Against
the Individual Defendant from the Claims Against the Bankrupt Corporate Defendant)

> "The court may, when the convenience of witnesses, the ends of justice, or the economy and efficiency of handling the litigation would be promoted thereby ... make an order ... that the trial of any issue or any part thereof shall precede the trial of any other issue or any part thereof in the case.... The court, on its own motion, may make such an order at any time."

(Code of Civil Procedure §598.)

### B. Ezzell is directly liable for the wage and hour violations alleged by Plaintiffs.

First, Ezzell is individually liable as an employer under a "joint employer" theory as established by Martinez v. Combs (2010) 49 Cal.4th 35 ("Martinez"). Martinez held that "employ" has "three alternative definitions: (a) to exercise control over the wages, hours or working conditions, or (b) to suffer or permit to work, or (c) to engage, thereby creating a common law employment relationship." (Id. at 64.) In Turman v. Superior Court (2017) 17 Cal.App.5th 969, the court held that a sole shareholder and director of a restaurant was liable for wage and hour violations as set out in Martinez. (Id. at 986.)

Second, Plaintiffs allege that Ezzell is individually liable under the PAGA and the Labor Code as the Labor Code allows for personal liability for wages on the part of corporate owners, officers, directors and shareholders. (Labor Code §§ 558, 558.1, 1197.1.) Courts routinely hold individuals liable for penalties under Labor Code §558. (See e.g. Atempa v. Pedrazzani (2018) 27 Cal.App.5th 809 (employer's failure to pay overtime or minimum wages subjects not only the corporation to liability for overtime pay and minimum wage violations, but also the corporation's individual owners, officers, and agents under PAGA).)

Third, Plaintiffs allege that Ezzell is personally liable under California's Unfair Competition Law which provides that "[a]ny person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction." (Business & Professions Code §§ 17203, 17535.) The term "person" includes "natural persons." (Business & Professions Code §17201.)

Corporate officers can be individually liable for UCL violations based on an aiding and abetting theory. In People v. Toomey (1984) 157 Cal.App.3d 1, 14, the president/CEO was found to have violated sections 17200 and 17500 based on "[h]is position in the corporation and operation of the business subjects him to liability for misleading solicitations made by his

5

employees." (Toomey, supra, 157 Cal.App.3d at 15.) In People v. Dollar Rent-A-Car Systems, Inc. (1989) 211 Cal.App.3d 119, the court upheld the imposition of individual liability on a majority shareholder/CEO who approved the offending contracts and controlled the company's deceptive practices.

Lastly, Ezzell may also face individual liability under the alter ego doctrine. When the corporate form is used to perpetrate a fraud, circumvent a statute, or accomplish some other wrongful or inequitable purpose, the courts will ignore the corporate entity and deem the corporation's acts to be those of the persons or organizations actually controlling the corporation. (Turman, supra, 17 Cal.App.5th at 980.)

### C. Bifurcation of Ezzell's liability from PRCCC's liability is appropriate becaue PRCCC is out of business and the beneficiary of stay under Chapter 7 of the Bankruptcy Code but Ezzell is not.

#### 1. *Code of Civil Procedure §598.*

Code of Civil Procedure §598 authorizes the court to bifurcate,"the trial of any issue or any part thereof [from] the trial of any other issue or any part thereof in the case" to promote "the conveniences of witnesses, the ends of justice, or the economy and efficiency of handling the litigation." (Id.) Here, bifurcation is appropriate to serve "the ends of justice" because PRCCC has filed for Chapter 7 bankruptcy protection but Ezzell has not.

The case against PRCCC is stayed due to the bankruptcy court filing. When a debtor such as PRCCC initiates bankruptcy proceedings, an automatic stay immediately goes into effect preventing any actions against the debtor and the debtor's property. (11 USC §§ 103, subd. (a), 362, subd. (a).) Under 11 U.S.C. § 362, subd, (a)(1), the automatic stay prohibits creditors and other parties from commencing or continuing an action against the debtor that was or could have been commenced pre-petition. The automatic stay also prevents creditors from enforcing a pre-bankruptcy judgment against the debtor or its property; that is, "any act to obtain possession of property of the estate." (11 U.S.C. § 362, subd. (a)(3).) Even if the bankruptcy filing is a sham, the automatic stay still goes into effect. (Wekell v. United States (9th Cir. 1994) 14 F3d 32, 33.)

6

(Plaintiffs' Notice of Motion and Motion to Bifurcate Their Claims Against
the Individual Defendant from the Claims Against the Bankrupt Corporate Defendant)

1  In addition to the stay, the Chapter 7 filing puts PRCCC completely out business. Section 727(a)(1) of title 11 of the United States Code expressly states: "The court shall grant the debtor a discharge, unless ... [¶] the debtor is not an individual." Thus, a corporation may not discharge its debts and liabilities in a chapter 7 proceeding. (N.L.R.B. v. Better Bldg. Supply Corp. (9th Cir. 1988) 837 F.2d 377, 378.) As such a proceeding also does not dissolve a corporation -- which must be accomplished under state procedures -- corporate debts and liabilities survive the closing of the bankruptcy proceeding. For that reason, responsibility for those debts and liabilities may be imposed on other parties under "alter ego" and "successor corporation" theories. (Wolf Metals Inc. v. Rand Pacific Sales Inc. (2016) 4 Cal.App.5th 698, 708.)

Ezzell, on the other hand, has not sought bankruptcy protection and is not entitled to the benefit of the stay and he is still a viable defendant. The automatic stay does not protect nonbankrupt third parties even when the codefendants are closely related to the debtor. (U.S. v. Dos Cabezas Corp. (9th Cir. 1993) 995 F.2d 1486, 1491 ("the automatic stay does not extend to actions against parties other than the debtor, such as codebtors and sureties.") California courts have held that bankruptcy of one defendant in a multidefendant case does not stay the proceeding as to the other defendants. (See e.g. Queenie, Ltd. v. Nygard Int'l (2nd Cir. 2003) 321 F.3d 282, 287; In re Miller (9th Cir. BAP 2001) 262 BR 499, 503-504 & fn. 6; Fortier v. Dona Anna Plaza Partners (10th Cir. 1984) 747 F2d 1324, 1329-1330.)

### 2.   *Code of Civil Procedure §1048, subd. (b).*

This section allows the court to order a separate trial on any issue "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy...." (See Code of Civil Procedure §1048, subd. (b).)

Here, Plaintiffs would be prejudiced if their case against Ezzell is delayed due to the bankruptcy stay in effect for PRCCC. Code of Civil Procedure §583.310 provides that "An action shall be brought to trial within five years after the action is commenced against the defendant." This action was filed in state court on May 29, 2018. If the trial is stayed, Plaintiffs risk dismissal of their claims against Ezzell once the five-year anniversary of the filing of the complaint passes.

7

(Plaintiffs' Notice of Motion and Motion to Bifurcate Their Claims Against
the Individual Defendant from the Claims Against the Bankrupt Corporate Defendant)

1. There is no contervailing prejudice against Ezzell. He has argued that he is not Plaintiffs' employer and therefore not liable. This is an issue that can be tried in his trial.

Ezzell is the sole shareholder, officer, and director of PRCCC. He presumably has access to all PRCCC records and the contact information of any PRCCC former employees and clients who may have testimonial evidence. No involvement from PRCCC would be necessary for Ezzell to gather this evidence.

Further, PRCCC has produced records and other discovery responses which could be used by Ezzell in his defense at trial. Again, no involvement from PRCCC would be necessary for Ezzell to gather this evidence.

3. ***Evidence Code §320.***

This provides, "Except as otherwise provided by law, the court in its discretion shall regulate the order of proof." (Heppler v. JM Peters Co. (1999) 73 Cal.App.4th 1265, 1285 ("a court has wide discretion in controlling the manner in which evidence is presented."))

Here, for the reasons discussed above, the Court may and should exercise its discretion to bifurcate the claims against Ezzell from the claims against PRCCC and allow trial on the claims against Ezzell to go first.

## IV.

## CONCLUSION

Because the Corporate Defendant filed a voluntary petition for relief under Chapter 7, it is the beneficiary of an automatic stay and has gone out of business. Ezzell, on the other hand, has not sought such protection and is not the beneficiary of a stay.

Plaintiffs would be prejudiced if the trial against Ezzell is not bifurcated because any delay caused by the bankruptcy stay in favor of PRCCC risks dismissal of their claims under the five-year limitations for trials to commence under Code of Civil Procedure §583.310.

Bifurcation simply recognizes the inevitable: the only Defendant who will ever appear in this Court to be held accountable to Plaintiffs is Ezzell; the bankrupt corporate Defendant is out of business.

8

(Plaintiffs' Notice of Motion and Motion to Bifurcate Their Claims Against
the Individual Defendant from the Claims Against the Bankrupt Corporate Defendant)

The Court should therefore exercise its discretion to bifurcate the claims against Ezzell from the claims against PRCCC and allow trial on the claims against Ezzell to go forward.

DATED: January 16, 2023

Respectfully submitted,
[ELECTRONICALLY SIGNED]

/s/ *James H. Cordes*

James H. Cordes, Esq.
Attorney for Plaintiffs
DARCY VILLERS, KYLE KING,
WILLIAM E. HOLMES

9

(Plaintiffs' Notice of Motion and Motion to Bifurcate Their Claims Against
the Individual Defendant from the Claims Against the Bankrupt Corporate Defendant)

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

Hutkin Law Firm, APC, 1220 Marsh Street, San Luis Obispo, CA 93401

A true and correct copy of the foregoing document entitled (*specify*): CREDITORS/MOVANTS SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 01/16/2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

ATTORNEY FOR DEBTOR, Todd C. Ringstad, Esq.: becky@ringstadlaw.com; arlene@ringstadlaw.com
TRUSTEE, Sandra McBeth (TR): jwalker@mcbethlegal.com; CA65@ecfcbis.com; ecf.alert+McBeth@titlexi.com
ATTORNEY FOR TRUSTEE, Timothy J. Yoo, Esq.: tjy@lnbyb.com
UNITED STATES TRUSTEE (ND): ustpregion16.nd.ecf@usdoj.gov

[✓] Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

[ ] Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 01/16/2023, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
Via Overnight Mail Service:

PRESIDING BANKRUPTCY JUDGE, Honorable Ronald A. Clifford III, U.S. Bankruptcy Court, Northern Division, 1415 State Street, Suite 233, Santa Barbara, CA 93101

[✓] Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 01/16/2023 | Donald L. Mabry | /s/ Donald L. Mabry |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

**Attachment** to F 9013-3.1.PROOF OF SERVICE

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

Additional Persons Served Via NEF:

ATTORNEY FOR DEBTOR: Christopher Minier, Esq.: becky@ringstadlaw.com; arlene@ringstadlaw.com
ATTORNEY FOR DEBTOR: Thomas L. Vincent, Esq.: tlv@paynefears.com; ccason@paynefears.com


3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):

Additional Persons Served Via Overnight Mail Service:

ATTORNEYS FOR DONALD G. EZZELL:

Donald G. Ezzell, Esq.
The General Counsel Group, P.C.
1144 Black Oak Drive
Paso Robles, California 93446

Benjamin A. Nix, Esq.
Andrew K. Haeffele, Esq.
Payne & Fears LLP
4 Park Plaza, Suite 1100
Irvine, California 92614