Todd C. Ringstad (State Bar No. 97345)
todd@ringstadlaw.com
Christopher A. Minier (State Bar No. 190705)
cminier@ringstadlaw.com
RINGSTAD & SANDERS LLP
4910 Birch Street, Suite 120
Newport Beach, CA  92660
Telephone: (949) 851-7450
Facsimile:  (949) 851-6926

Counsel for Chapter 7 Debtor, PRCCC, Inc.

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – NORTHERN DIVISION

| | |
|---|---|
| In re | CASE NO. 9:22-BK-10592 RC |
| PRCCC, INC., a California corporation, | Chapter 7 Proceeding |
| | **SUPPLEMENTAL BRIEF OF DEBTOR IN OPPOSITION TO SECOND MOTION OF DARCY VILLERS, WILLIAM E. HOLMES AND KYLE KING FOR RELIEF FROM THE AUTOMATIC STAY REGARDING DONALD G. EZZELL; AND DECLARATION OF CHRISTOPHER A. MINIER** |
| Debtor and Debtor-in-Possession. | |

Hearing:
DATE:    February 21, 2023
TIME:    10:00 a.m.
PLACE:  Courtroom 201
              1415 State Street
              Santa Barbara, CA 93101

### TO THE HONORABLE RONALD A. CLIFFORD III, UNITED STATES BANKRUPTCY JUDGE:

PRCCC, Inc., the Chapter 7 debtor (the "Debtor") in the above-captioned proceeding hereby submits its supplemental brief in opposition to the second Motion for Relief from the Automatic Stay (Action in Nonbankruptcy Forum) [Docket No. 32] (the "Motion") filed by

1   Darcy Villers, William E. Holmes and Kyle King (the "Plaintiffs").  The Debtor submits that the

2   Court should adhere to its December 13, 2022, tentative ruling on the Motion and deny the

3   motion because the Plaintiffs have failed to show "cause" for relief from the stay under

4   Bankruptcy Code § 362(d)(1).

5        A.       **Facts Relevant to Debtor's Supplemental Brief.**

6        The Plaintiffs are three former disgruntled former card room dealers serving as

7   independent contractors and employees making unliquidated claims and work place allegations

8   that their local managers failed properly to administer such things as rest breaks, meal breaks,

9   pay dates, etc.   The Plaintiffs sued the Debtor and its absentee out-of-state owner, Donald G.

10  Ezzell, in San Luis Obispo County Superior Court, claiming "wage and hour" violations that

11  allegedly occurred during 2014-2017 (the "State Court Action").  *See* Declaration of Donald G.

12  Ezzell, ¶ 3, attached to his opposition to the Motion, Docket No. 40 (hereafter the "Ezzell

13  Decl.").

14       During the years that are the subject of the State Court Action, Donald Ezzell was

15  nothing more than an absentee owner/investor in the Debtor's business who has been living in

16  Colorado from May of 2014 to the present.  During the years of 2014 to 2017, the Debtor was

17  operated by Mr. Ezzell's brother and his wife, as well as local managers. *See* Ezzell Decl., ¶ 4.

18       The Debtor operated a small card gaming room.  *See* Ezzell Decl., ¶ 4.  The Debtor had

19  been struggling to operate at a profit for four or five years prior to the commencement of its

20  bankruptcy case, and its unprofitability was made worse by the COVID-19 pandemic.  *See* Ezzell

21  Decl., ¶ 4.  The Debtor's financial struggles resulted in Donald Ezzell having to loan the Debtor

22  a total of $707,154.00 to support its operations.  *See* Ezzell Decl., ¶ 4.  These loans remain

23  unpaid and, accordingly, Mr. Ezzell has timely filed a nonpriority unsecured proof of claim in

24  the Debtor's bankruptcy case, which is Claim No. 4 on the Court's Claims Register.  A copy of

25  Mr. Ezzell's proof of claim is attached hereto as Exhibit "1."

26       While the Debtor's operations remained unprofitable, for several years the Debtor was

27  also forced to bear the cost of the State Court Action initiated by the Plaintiffs – an expense the

28  struggling Debtor could not afford.  Moreover, Mr. Ezzell's license to operate a gaming parlor

Ringstad & Sanders
LLP,
4910 Birch Street, Suite 120
Newport Beach, California 92660
949.851.7450

was set to expire on August 31, 2022, and this license was not eligible for renewal. *See* Ezzell

Decl., ¶ 4. Moreover, under the Debtor's bylaws and a separate Indemnification Agreement, Mr.

Ezzell is entitled to broad indemnity from the Debtor for any claims brought against him arising

from the Debtor's business, including the claims asserted by the Plaintiffs in the State Court

Action. *See* Ezzell Decl., ¶¶ 1 and 5, and Exhibits "A" and "B" thereto.

Under the foregoing circumstances, the Debtor attempted to sell its assets to a third-party

in an effort to salvage some value for the benefit of the Debtor's creditors. *See* Ezzell Decl., ¶ 4.

After a two-year effort, the Debtor was finally able to finalize the sale of its assets on August 1,

2022, shortly before the gaming license expired, resulting in net sale proceeds of approximately

$100,000.00. *See* Ezzell Decl., ¶ 4. The Debtor and Mr. Ezzell could have expended these funds

continuing to Defend the State Court Action. Instead, on August 3, 2022, the Debtor

commenced its instant Chapter 7 case and promptly turned over the sale proceeds to the Chapter

7 trustee so that they could be equitably distributed to the Debtor's creditors. *See* Ezzell Decl., ¶

4.

Each of the three Plaintiffs have timely filed unsecured nonpriority proofs of claim

against the Debtor's bankruptcy estate in the following amounts: (i) Darcy Villers in the amount

of $1,194,784.87 [Claim No. 6]; (ii) Kyle King in the amount of $153,569.99 [Claim No. 7]; and

(iii) William E. Holmes in the amount of $159,342.24 [Claim No. 8]. A copy of Darcy Viller's

proof of claim is attached hereto as Exhibit "2." A copy of Kyle King's proof of claim is

attached hereto as Exhibit "3." A copy of William Holmes proof of claim is attached hereto as

Exhibit "4."

On August 26, 2022, the Plaintiffs filed their first motion for relief from the automatic

stay, seeking to continue the State Court Action against both the Debtor and Mr. Ezzell. *See*

Docket No. 15. Both the Debtor and Mr. Ezzell opposed the Plaintiffs' first stay relief motion.

*See* Docket Nos. 17 and 20. After a hearing, and after finding that the first motion applied only

to the Debtor, the Court denied the Plaintiffs' motion without prejudice by way of an Order

entered on October 17, 2022, because the automatic stay prevented continued litigation against

the Debtor in the State Court Action. *See* Docket No. 34.

Ringstad & Sanders
LLP.
4910 Birch Street, Suite 120
Newport Beach, California 92660
949.851.7450

1       On October 17, 2022, the Plaintiffs filed their second Motion for stay relief.  *See* Docket

2  No. 32.  In their second Motion, the Plaintiffs assert that they have limited the relief they are

3  seeking under § 362(d)(1) for "cause" to enable the Plaintiffs to "file a motion to bifurcate the

4  State Court action so Movants can proceed solely against, Donald Ezzell, Debtor's owner and

5  further rule that Movants will not be held liable for violations of the stay for serving notice on

6  Debtor in furtherance of that Motion."  *See* Motion, Docket No. 32 at p. 5.  Further, although the

7  Plaintiffs provide no evidence or argument that such additional relief would be warranted, in

8  their second Motion they also request: (1) waiver of the 14-day stay provided by F.R.B.P. Rule

9  4001(a)(3); and (2) that any Order granting their motion be binding and effective in any

10  bankruptcy case commenced by or against the Debtor for a period of 180 days.  *Id.*

11       Mr. Ezzell filed an opposition to the Plaintiffs' second Motion, in which the Debtor

12  joined.  *See* Docket Nos. 40 and 42.  The Court held hearings on the Plaintiffs' second Motion on

13  November 8th and December 13th, 2022.  The Court posted a tentative ruling for the December

14  13th hearing, which concludes with the following language:

15

16       Movants do argue, however, that "[i]t is well established that absent
unusual circumstances, the automatic stay does not extend to non-

17  debtors."  *See* Docket No. 41, p. 2, lines 23-24.  This, however, conflicts
with an earlier suggested goal of Movants, which is to obtain a lifting of

18  the stay "for the limited purpose of allowing Movants to pursue their
claims against Mr. Ezzell in State Court."  *Id.* at lines 9-11.  Movants are

19  making the argument that the stay does not apply to their actions against
these non-debtor third parties in state court, but then seek a lifting of the

20  automatic stay that, again, they argue does not apply to these parties in the
Debtor's bankruptcy case.

21       The Motion is denied as the Movants have not shown cause to lift

22  the stay.

23  Attached hereto as Exhibit "5" is a copy of the Court's December 13, 2022, tentative ruling on

24  the Plaintiffs' Motion.  Despite the Court's above-described tentative ruling, the Court gave the

25  Plaintiffs a final opportunity to submit a supplemental brief to demonstrate how and why the

26  Debtor and its interests (and the automatic stay) were implicated by the Plaintiffs' contemplated

27  motion to bifurcate in the State Court Action to proceed solely against Mr. Ezzell.  The Plaintiffs

28  filed their supplemental brief on January 16, 2023, as Docket No. 53.

Ringstad & Sanders
L.L.P.
4910 Birch Street, Suite 120
Newport Beach, California 92660
949.851.7450

1    In their supplemental brief, the Plaintiffs speculatively contend, without any supporting

2    authority, that "it is at least arguable, given the broad applicability of the automatic stay, that the

3    Motion to Bifurcate would constitute the continuation of the State Court Action against the

4    Debtor or that service of the notice of the motion and motion would constitute the employment

5    of process." *See* Plaintiffs' Supplemental Brief, Docket No. 53, p. 3, lines 9-12.  As a backup

6    position, in their supplemental brief, the Plaintiffs further state that "Movants would not oppose a

7    ruling by this Court denying the Motion based on an explicit conclusion of law that service of the

8    Motion to Bifurcate on the Debtor does not violate the automatic stay." *Id.* at p. 3, lines 13-15.

9    For the reasons set forth below, and consistent with the Court's December 13, 2022

10    tentative ruling, the Court should find that the Plaintiffs have again failed to demonstrate "cause"

11    for the Court to enter an Order granting them relief from the automatic stay.

### B.    The Motion Should Be Denied Because Plaintiffs Have Not Met their Burden of Proving that Cause Exists for the Granting of the Motion.

14    It is clear that the burden rests on the party seeking stay relief under Bankruptcy Code §

15    362(d)(1) to establishing a prima facie showing that "cause" exists for the granting of such relief.

16    "The IRS, as the party seeking relief, must first establish a prima facie case that cause exists for

17    relief under § 362(d)(1)." *In re Gould,* 401 B.R. 415, 426 (9th Cir. BAP 2009), *citing Duvar*

18    *Apt., Inc v. FDIC (In re Duvar Apt., Inc.),* 205 B.R. 196, 200 (9th Cir. BAP 1996); *See also, In re*

19    *Plumberex Specialty Products, Inc.,* 311 B.R. 551, 557 (Bankr. C.D. Cal. 2004)("To obtain relief

20    from the automatic stay, the party seeking relief must first establish a *prima facie* case that

21    'cause' exists for relief under § 362(d)(1).").

22    As stated above, the only "showing" that the Plaintiffs have made is the speculative

23    statement that "it is at least arguable" that the Debtor and the automatic stay would somehow be

24    implicated by Plaintiffs' filing and service of a motion in the State Court Action to proceed with

25    the litigation solely against Mr. Ezzell.  The Plaintiffs provide no authority that such actions,

26    which affect only third-party Mr. Ezzell, would violate (or even implicate) automatic stay in any

27    way.

28    ///

Ringstad & Sanders
L.L.P.
4910 Birch Street, Suite 120
Newport Beach, California 92660
949.851.7450

1        The Plaintiffs even acknowledge that the stay would remain in place against the Debtor,

2 and that the Chapter 7 Trustee, rather than the Debtor, is now the real party in interest for the

3 Debtor in the State Court Action (and that the Trustee is the only party with standing to act on

4 the Debtor's behalf in the action). *See* Plaintiffs' Supplemental Brief, Docket No. 53, p. 2, lines

5 2-6, and p. 3, line 21 to p. 4, line 16.  The Plaintiffs further assert that the Chapter 7 Trustee has

6 no interest in the State Court Action or the Plaintiffs' motion to bifurcate. *Id.* at p. 3, line 21 to p.

7 4, line 16.  Ironically, the position Plaintiffs now articulate and adopt is directly contrary to their

8 prior assertion to the Superior Court that the claims against Mr. Ezzell and the Debtor are

9 indivisible and must be tried together. *See* Plaintiffs' Opposition to the Motion to Bifurcate the

10 State Court Action filed by the Debtor and Mr. Ezzell attached as Exhibit "D" to Mr. Ezzell's

11 Opposition [Docket No. 40] to the Plaintiff's second stay relief Motion.

12        Indeed, the Plaintiffs now apparently assert that no provision of § 362(a)(1)-(8) is

13 implicated by their proposed filing and service of a motion involving only Mr. Ezzell in the State

14 Court Action.  The Plaintiffs cannot even contend that they seek to proceed in state court against

15 an insurance policy of the Debtor that is potentially liable on their claims (which would be

16 bankruptcy estate property), because the Debtor has no insurance that would cover the claims at

17 issue in the State Court Action.  The Plaintiffs merely speculate that "it is at least arguable" that

18 the filing and service of their bifurcation motion might implicate § 362(a)(1) as "the continuation

19 of the State Court Action against the Debtor." *Id.* at p. 3, lines 9-11.  This argument rings

20 hollow, and should be rejected by the Court, because the entire point of the Plaintiffs' bifurcation

21 motion is that the State Court Action would continue <u>only against Mr. Ezzell</u>.

22        Plaintiffs also speculate that "it is at least arguable" that "service of the notice of motion

23 and motion [to bifurcate on the Debtor] would constitute the employment of process" prohibited

24 by § 362(a)(1).  However, this argument should also be rejected by the Court because § 362(a)(1)

25 prohibits only the "employment of process, of a judicial…proceeding <u>against the debtor</u>…."

26 There appears to be nothing about the Plaintiffs' contemplated motion to bifurcate, or service

27 thereof, that is "against the Debtor."

28 ///

Ringstad & Sanders

L.L.P.
4910 Birch Street, Suite 120
Newport Beach, California 92660
949.851.7450

1       In light of the foregoing, the Court should find that the Plaintiffs have failed to make any

2   substantive prima facie showing that "cause" exists under § 362(d)(1) for the Court to grant the

3   Plaintiffs' Motion.  Accordingly, consistent with the Court's December 13, 2022, tentative

4   ruling, the Motion should be denied.

5       **C.**    **The Motion Should Also Be Denied Because the Relief Sought by the**

6       **Plaintiffs Would Constitute an Impermissible Advisory Opinion Issued by**

7       **the Court or an Unnecessary "Comfort Order."**

8       In their Motion, Plaintiffs seek an Order that they are allowed to file a motion to bifurcate

9   the State Court Action and "will not be held liable for violations of the stay for serving notice on

10  Debtor in furtherance of that motion."  *See* Motion, Docket No. 32, p. 5 at Item No. 8.  In their

11  supplemental brief, as a backup position, the Plaintiffs further state that "Movants would not

12  oppose a ruling by this Court denying the Motion based on an explicit conclusion of law that

13  service of the Motion to Bifurcate on the Debtor does not violate the automatic stay."  *See*

14  Plaintiffs' Supplemental Brief, Docket No. 53, p. 3, lines 13-15.  Either requested ruling by the

15  Court would undoubtedly constitute a prohibited "advisory opinion" or "comfort order" when, as

16  discussed above, Plaintiffs have failed to meet their burden of showing "cause" for relief from

17  stay under § 362(d)(1).

18      "[F]ederal courts also are prohibited from rendering advisory opinions." *Elias v. Lisowski*

19  *Law Firm, Chtd. (In re Elias)*, 215 B.R. 600, 604 (9th Cir. BAP 1997), citing *Muskrat v. United*

20  *States*, 219 U.S. 346, 31 S.Ct. 250, 55 L.Ed. 246 (1911), and *American State Bank v. Marks (In re*

21  *MacNeil),* 907 F.2d 903, 904 (9th Cir. 1990); and *See also, Franklin Savings Assoc. v. Office of*

22  *Thrift Supervision,* 35 F.3d 1466, 1473 (10th Cir. 1994), citing U.S. Constitution Art. III, Sec. 2,

23  cl. 1 ("We are prohibited from granting the Association an advisory opinion.").

24      Alternatively, the alternative rulings that the Plaintiffs seek from the Court might also,

25  alternatively, be considered "comfort order."  There is no authority for a court to issue such an

26  order. *See e.g., In re NIR West Coast, Inc., dba Northern California Roofing*, 2021 WL 27407 at

27  *2 (Bankr. E.D. Cal. Jan. 4, 2021)("Creditor cites no provision of the Bankruptcy Code that

28  directs or authorizes the bankruptcy court to enter an order that declares the automatic stay

Ringstad & Sanders
LLP,
4910 Birch Street, Suite 120
Newport Beach, California 92660
949.851.7450

1  inapplicable-or otherwise recognizes its absence-to a nondebtor."[1] See also, *In re Chatha*, 2022

2  WL 4101292, at *6 (Bankr. E.D. Cal. Sept. 6, 2022)("the present motion is either a request for an

3  advisory opinion or a so-called 'comfort order.'" "The former are constitutionally prohibited. And

4  this court does not issue the latter." (citations omitted)).[2]

5      Based on the foregoing, Plaintiffs' second Motion for Relief should also be denied

6  because it improperly seeks an advisory opinion or comfort order holding that Plaintiffs "will not

7  be held liable for violations of the stay for serving notice on Debtor in furtherance of [their

8  bifurcation] motion" or, alternatively, "an explicit conclusion of law that service of the Motion to

9  Bifurcate on the Debtor does not violate the automatic stay."

10  **D.    The Plaintiffs' Request for Waiver of the F.R.B.P. Rule 4001(a)(3) Stay, and**

11  **a Ruling that Any Order Be Effective for 180 Days in Any Other Bankruptcy**

12  **Case of the Debtor Should Be Denied.**

13      In their Motion, the Plaintiffs additionally request that the Court grant a waiver of the 14-

14  day stay provided by F.R.B.P. Rule 4001(a)(3), and that it provide in any Order granting the

15  motion that the Order shall be effective in any bankruptcy case filed by or against the Debtor for

16  a period of 180 days.  *See* Motion, Docket No. 32 at p. 5, Items 5 and 6.  However, in none of the

17  documents that the Plaintiffs have filed related to the Motion have they made any argument or

18  provided any evidence that such a stay waiver and extraordinary relief is warranted.

19  Accordingly, in the event that the Court were to grant the Motion, it should deny the Plaintiffs'

20  requests for a waiver of the stay and the provision of a 180-day effectiveness provision.

21  ///

22  ///

23  ///

24  ///

25

26  [1] A copy of the *NIR West Coast* decision is attached as Exhibit "J" to Mr. Ezzell's Opposition
[Docket No. 40] to the Motion.

27  [2]  A copy of the *Chatha* decision is attached as Exhibit "K" to Mr. Ezzell's Opposition [Docket
No. 40] to the Motion.

28

Ringstad & Sanders
L.L.P.
4910 Birch Street, Suite 120
Newport Beach, California 92660
949.851.7450

Based on all of the foregoing, the Debtor submits that the Plaintiffs have failed to establish "cause" for relief from the automatic stay under 11 U.S.C. § 362(d)(1) and, therefore, submit that the motion should be denied.  The Motion should also be denied because is seeks nothing more than a prohibited advisory opinion or comfort Order from the Court.  Lastly, and notwithstanding that the Motion should be denied outright, the Plaintiff's request for a waiver of the F.R.B.P. Rule 4001(a)(3) stay, and a ruling that any Order granting stay relief will be binding in any other bankruptcy case filed by or against the Debtor, should be denied.

Date: January 30, 2023                      Respectfully submitted,

RINGSTAD & SANDERS, LLP


By:  ___/s/ Christopher A. Minier_____
        Christopher A. Minier
Counsel for Chapter 7 Debtor, PRCCC, Inc.

Ringstad & Sanders
L.L.P.
4910 Birch Street, Suite 120
Newport Beach, California 92660
949.851.7450

# DECLARATION OF CHRISTOPHER A. MINIER

I, Christopher A. Minier, declare as follows:

1.    The following matters are true and correct and, if called upon as a witness, I could and would competently testify thereto.  I am an individual over the age of eighteen years and am competent to make this declaration.  I am an attorney with the law firm of Ringstad & Sanders LLP (the "Firm"), insolvency counsel for PRCCC, Inc., the Chapter 7 debtor (the "Debtor") in this proceeding, U.S.B.C. Case No. 9:22-bk-10592 RC.  I am licensed to practice law before all of the court of the State of California, and I am admitted to practice before the United States District Court for the Central District of California.

2.    Attached hereto as Exhibit "1" is a true and correct copy of Donald G. Ezzell's nonpriority unsecured proof of claim filed against the Debtor's bankruptcy estate, which is Claim No. 4 on the Court's Claims Register.

3.    Attached hereto as Exhibit "2" is a true and correct copy of Plaintiff Darcy Villers' proof of claim filed against the Debtor's bankruptcy estate in the amount of $1,194,784.87, which is Claim No. 6 on the Court's Claims Register.

4.    Attached hereto as Exhibit "3" is a true and correct copy of Plaintiff Kyle King's proof of claim filed against the Debtor's bankruptcy estate in the amount of $153,569.99, which is Claim No. 7 on the Court's Claims Register.

5.    Attached hereto as Exhibit "4" is a true and correct copy of Plaintiff William E. Holmes' proof of claim in the amount of $159,342.24 filed against the Debtor's bankruptcy estate, which is Claim No. 8 on the Court's Claims Register.

6.    Attached hereto as Exhibit "5" is a true and correct copy of the Court's December 13, 2022, tentative ruling on the Plaintiffs' second Motion for relief from the automatic stay [Docket No. 32].

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 30th day of January, 2023, at Newport Beach, California.

*/s/ Christopher A. Minier*
Christopher A. Minier

Ringstad & Sanders
L.L.P.
4910 Birch Street, Suite 120
Newport Beach, California 92660
949.851.7450

<table>
<tr><td>Fill in this information to identify the case:</td></tr>
</table>

**Fill in this information to identify the case:**

Debtor 1    PRCCC, INC.

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:  Central District of California  [▼]

Case number  9:22-BK-10592 RC



**FILED**

OCT 0 3 2022

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

Official Form 410

# Proof of Claim

04/22

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

---

| Part 1: | Identify the Claim |
| --- | --- |

| 1. Who is the current creditor? | Donald G. Ezzell |
| --- | --- |
| | Name of the current creditor (the person or entity to be paid for this claim) |
| | Other names the creditor used with the debtor _____ |

| 2. Has this claim been acquired from someone else? | ☒ No |
| --- | --- |
| | ☐ Yes. From whom? _____ |

| 3. Where should notices and payments to the creditor be sent? | Where should notices to the creditor be sent? | Where should payments to the creditor be sent (if different) |
| --- | --- | --- |
| Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | Donald G. Ezzell | Same |
| | Name | Name |
| | P.O. Box 6504 | |
| | Number     Street | Number     Street |
| | Denver          CO      80206 | City          State      ZIP Code |
| | City          State      ZIP Code | |
| | Contact phone 303-886-1115 | Contact phone _____ |
| | Contact email Don.Ezzell@gencounselgroup.com | Contact email _____ |
| | Uniform claim identifier for electronic payments in chapter 13 (if you use one): | |
| | _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ | |

| 4. Does this claim amend one already filed? | ☒ No | |
| --- | --- | --- |
| | ☐ Yes. Claim number on court claims registry (if known) _____ | Filed on ___/___/___ MM / DD / YYYY |

| 5. Do you know if anyone else has filed a proof of claim for this claim? | ☒ No |
| --- | --- |
| | ☐ Yes. Who made the earlier filing? _____ |

---

Exhibit "1"
Page 11

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☐ No
☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:  6  9  5  4

**7. How much is the claim?**    $_____707,154.00. Does this amount include interest or other charges?

☐ No
☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Loans Payable _____

**9. Is all or part of the claim secured?**

☑ No
☐ Yes.  The claim is secured by a lien on property.

Nature of property:

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
☐ Motor vehicle
☐ Other. Describe: _____

Basis for perfection: _____
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:    $_____
Amount of the claim that is secured:    $_____

Amount of the claim that is unsecured: $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:    $_____

Annual Interest Rate (when case was filed)_____%
☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**

☑ No
☐ Yes. Amount necessary to cure any default as of the date of the petition.    $_____

**11. Is this claim subject to a right of setoff?**

☑ No
☐ Yes. Identify the property: _____

Exhibit "1"
Page 12

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check one:*

| | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |

* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

---

**Part 3:    Sign Below**

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

Check the appropriate box:

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   9 / __ / 2022
                   MM / DD / YYYY

Signature   *Donald G. Ezzell*

**Print the name of the person who is completing and signing this claim:**

| | | | |
|---|---|---|---|
| Name | Donald | G. | Ezzell |
| | First name | Middle name | Last name |
| Title | | | |
| Company | | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | P.O. Box 6504 | | |
| | Number   Street | | |
| | Denver | CO | 80206 |
| | City | State | ZIP Code |
| Contact phone | 303-886-1115 | Email | don.ezzell@gencounselgroup.com |

Proof of Claim Supplement

Debtor: PRCCC, INC.

9:22-BK-10592-RC

Form 410, Part 2, Item 7, BK Rule 3001(c)(2)(A) Interest Itemization

-----------------------------------------------------x-----------------------------------------------------------------

Claim: $707,154.00

Promissory note issued 1/2015  $548,000.00 at 6.5% interest per annum

| Date | Principal | Interest | Total | |
|------|-----------|----------|-------|--|
| 1/2016 | 548,000.00 | 35,620.00 | 583,620.00 | |
| 1/2017 | 583,620.00 | 37,935.00 | 621,555.00 | |
| 1/2018 | 621,555.00 | 40,401.00 | 661,956.00 | |
| 1/2019 | 661,956.00 | 43,027.00 | 704,983.00 | |
| 1/2020 | 704,983.00 | 2,171.00 | 707,154.00 | Creditor caps int accrual |
| 1/2021 | - | - | 707,154.00 | |
| 1/2022 | - | - | 707,154.00 | |

Promissory note issued 2012    $50,000.00 at 12% interest per annum

| Date | Principal | Interest | Total |
|------|-----------|----------|-------|
| 1/2013 | 56,000 | 6,720 | 62,720 |
| 1/2014 | 62,720 | 7,526 | 70,246 |
| 1/2015 | 70,246 | 8,430 | 78,676 |
| 1/2016 | 78,676 | 9,441 | 88,117 |
| 1/2017 | 88,117 | 10,574 | 98,691 |
| 1/2018 | 98,691 | 11,843 | 110,534 |
| 1/2019 | 110,534 | 13,264 | 123,798 |
| 1/2020 | 123,998 | 14,856 | 138,644 |
| 1/2021 | 138,654 | 16,638 | 155,292 |
| 9/2022 | 155,292 | 13,976 | 169,268 |

Proof of Claim                                                                                          page 4

# PROMISSORY NOTE

### (Consolidated/Fixed Sum)

$548,000.00

February 1, 2015

FOR VALUE RECEIVED, the undersigned, PRCCC, Inc., a California corporation *(Borrower")*, promises to pay to Donald G. Ezzell (*"Lender"),* or order, at such address as the holder hereof may specify in writing, the principal sum of FIVE HUNDRED FORTY EIGHT THOUSAND DOLLARS ($548,000), plus interest at six and one-half percent (6.5%) per annum on the unpaid principal balance in the manner and upon the terms and conditions set forth below.

**Term; Payment of Principle & Interest; Callable Upon Demand.** The term shall be ten (10) years. All principle and accrued interest shall be paid with payments beginning March 1, 2015 pursuant to the payment schedule agreed hereto. All amounts due hereunder shall become immediately due and payable at any time after February 1, 2016 upon demand from Lender with or without the presence of an uncured event of default (as hereinafter defined).

**Late Charge.** If any payment is not paid within two (2) business days of when due, Lender may assess a late charge equal to 10% of the amount of such late payment. This charge is a result of the reasonable endeavor by Borrower and Lender to estimate Lender's added costs and damages resulting from Borrower's failure to make timely payments under this Note; hence, Borrower agrees that the charge shall be presumed to be the amount of damage sustained by Lender since it is impracticable to determine the actual amount necessary to reimburse Lender for its damages.

**Prepayment.** Borrower shall be entitled to prepay this Note in whole or in part at any time.

**Right of Acceleration.** Upon any Event of Default, Lender may, at its election and without notice to Borrower, declare the entire balance hereof immediately due and payable in full.

**Events of Default.** The occurrence of any one or more of the following events shall constitute an *Event of Default* under this Note:

(a)      Borrower fails to pay within two (2) business days of the date when due and payable any portion of any amount due hereunder;

(b)      Borrower fails to perform any promise, agreement, duty, covenant or obligation set forth in this Note;

(c)      Borrower shall become the subject of any bankruptcy, reorganization, insolvency or liquidation proceeding, whether voluntary or involuntary, or shall make an assignment for the benefit of creditors or commence proceedings for dissolution of apply for or consent to the appointment of a trustee or receiver for it or for a portion of its property or business; or

(d)      Any Borrower or Guarantor admits in writing his/her/its inability to pay his/her/its debts or perform its obligations as they become due.

**Waivers.** Borrower hereby waives presentment for payment, protest, demand, notice of dishonor, notice of nonpayment, notice of maturity, notice of intent to accelerate, notice of acceleration, presentment for the purpose of accelerating maturity and diligence in collection.

**Successors and Assigns.** This Note shall bind and inure to the benefit of the respective successors and assigns of Borrower and Lender; provided, however, that Borrower may not assign this Note or any rights or duties hereunder without the Lender's prior written consent and any prohibited assignment shall be void and of no effect. No consent to an assignment by Lender shall release Borrower from the payment obligations hereunder.

**Choice of Law.** The validity of the Note and its construction, interpretation, and enforcement and the rights of the parties hereto shall be determined under, governed by and construed in accordance with the laws of the State of California.

**Fees & Costs.** If this Note is referred to legal counsel by Lender for the protection, interpretation, collection, enforcement, or defense of any payment, provision or claim hereunder, Lender shall be entitled to payment from Borrower of all related fees and costs, including reasonable attorney's fees and costs that are incurred by Lender, and Lender may take judgment for the entire amount due. In addition, Lender may recover from Borrower post-judgment attorneys' fees incurred by Lender in enforcing a judgment against Borrower. Notwithstanding anything in this Note to the contrary, the provisions of the preceding sentence are intended to be severable from the balance of this Note, shall survive any judgment rendered in connection with the aforesaid action, and shall not be merged into any such judgment.

**Usury.**        The provisions of this Note are limited in order to express the parties' intent that in no circumstances shall the amount paid or agreed to be paid by Borrower to Lender for the use, forbearance or detention of money exceed the highest lawful rate permitted under the usury laws applicable to this Note. If from any circumstances, compliance with this Note at the time performance is due will transcend the limit of validity prescribed by law which a court of competent jurisdiction may deem applicable hereto, the obligations to be fulfilled shall be reduced to the level of validity. The provisions of this paragraph regarding usury laws shall control over any conflicting provisions herein.

**General Provisions.**

(a)    If this Note is not paid when due, Borrower promises to pay all costs of collection, foreclosure fees and reasonable attorneys fees incurred by Lender, whether or not suit is filed hereon.

(b)    This Note may not be changed, modified, amended or terminated except by a writing duly executed by Borrower and Lender.

(c)    No waiver of any rights under this Note is valid or effective unless made in writing and signed by Lender.

(d)    No delay or omission on the part of Lender in exercising any right shall operate as a waiver thereof or of any other right.

(e)    A waiver by Lender upon any one occasion shall not be construed as a bar or waiver of any right or remedy on any future occasion.

(f)    Should any one or more of the provisions of the Note be determined illegal or unenforceable, all other provisions shall nevertheless remain effective.

(g)    If any provision hereof is declared to be invalid or unenforceable under applicable law, it is the intention of maker and the holder that the remainder of this note or, if applicable, the remainder of the invalid or unenforceable clause, sentence or paragraph, shall be valid and enforced to the fullest extent permitted.

2.

Exhibit "1"
Page 16

IN WITNESS WHEREOF, Borrower has caused this Note to be executed and delivered in California as of the date specified above.

BORROWER:

**PRCCC, INC., a California Corporation**

By: _____

Robert H. Ezzell, Manager

3.



# PROMISSORY NOTE

## (Revolver)

Up to $50,000.00        January 1, 2012

FOR VALUE RECEIVED, the undersigned, PRCCC, Inc., a California limited liability corporation *(Borrower")*, promises to pay to Donald G. Ezzell ("*Lender*"), or order, at such address as the holder hereof may specify in writing, the principal sum of any amounts borrowed under this Revolving Promissory Note of not more than FIFTY THOUSAND DOLLARS ($50,000), plus interest at twelve percent (12%) per annum on the unpaid principal balance in the manner and upon the terms and conditions set forth below.

**Revolving Loan; Payment of Interest; Payment of Principle.** This is a revolving loan agreement under which Borrower, upon 72 hours' notice, may request draws in increments of $5,000. Interest shall accrue beginning on the date of funding. All accrued and unpaid interest shall be due and payable in full on or before June 1, 2013. All amounts due hereunder shall become immediately due and payable at any time after January 1, 2013 upon demand from Lender with or without the presence of an uncured event of default (as hereinafter defined).

**Late Charge.** If any payment is not paid within two (2) business days of when due, Lender may assess a late charge equal to 10% of the amount of such late payment. This charge is a result of the reasonable endeavor by Borrower and Lender to estimate Lender's added costs and damages resulting from Borrower's failure to make timely payments under this Note; hence, Borrower agrees that the charge shall be presumed to be the amount of damage sustained by Lender since it is impracticable to determine the actual amount necessary to reimburse Lender for its damages.

**Prepayment.** Borrower shall be entitled to prepay this Note in whole or in part at any time.

**Right of Acceleration.** Upon any Event of Default, Lender may, at its election and without notice to Borrower, declare the entire balance hereof immediately due and payable in full.

**Events of Default.** The occurrence of any one or more of the following events shall constitute an *Event of Default* under this Note:

    (a)      Borrower fails to pay within two (2) business days of the date when due and payable any portion of any amount due hereunder;

    (b)      Borrower fails to perform any promise, agreement, duty, covenant or obligation set forth in this Note;

    (c)      Borrower shall become the subject of any bankruptcy, reorganization, insolvency or liquidation proceeding, whether voluntary or involuntary, or shall make an assignment for the benefit of creditors or commence proceedings for dissolution of apply for or consent to the appointment of a trustee or receiver for it or for a portion of its property or business; or

    (d)      Any Borrower or Guarantor admits in writing his/her/its inability to pay his/her/its debts or perform its obligations as they become due.

**Waivers.**    Borrower hereby waives presentment for payment, protest, demand, notice of dishonor, notice of nonpayment, notice of maturity, notice of intent to accelerate, notice of acceleration, presentment for the purpose of accelerating maturity and diligence in collection.

**Successors and Assigns.**    This Note shall bind and inure to the benefit of the respective successors and assigns of Borrower and Lender; provided, however, that Borrower may not assign this Note or any rights or duties hereunder without the Lender's prior written consent and any prohibited assignment shall be void and of no effect.    No consent to an assignment by Lender shall release Borrower from the payment obligations hereunder.

**Choice of Law.**    The validity of the Note and its construction, interpretation, and enforcement and the rights of the parties hereto shall be determined under, governed by and construed in accordance with the laws of the State of California.

**Fees & Costs.** If this Note is referred to legal counsel by Lender for the protection, interpretation, collection, enforcement, or defense of any payment, provision or claim hereunder, Lender shall be entitled to payment from Borrower of all related fees and costs, including reasonable attorney's fees and costs that are incurred by Lender, and Lender may take judgment for the entire amount due.  In addition, Lender may recover from Borrower post-judgment attorneys' fees incurred by Lender in enforcing a judgment against Borrower.  Notwithstanding anything in this Note to the contrary, the provisions of the preceding sentence are intended to be severable from the balance of this Note, shall survive any judgment rendered in connection with the aforesaid action, and shall not be merged into any such judgment.

**Usury.**    The provisions of this Note are limited in order to express the parties' intent that in no circumstances shall the amount paid or agreed to be paid by Borrower to Lender for the use, forbearance or detention of money exceed the highest lawful rate permitted under the usury laws applicable to this Note.  If from any circumstances, compliance with this Note at the time performance is due will transcend the limit of validity prescribed by law which a court of competent jurisdiction may deem applicable hereto, the obligations to be fulfilled shall be reduced to the level of validity.  The provisions of this paragraph regarding usury laws shall control over any conflicting provisions herein.

**General Provisions.**

(a)    If this Note is not paid when due, Borrower promises to pay all costs of collection, foreclosure fees and reasonable attorneys fees incurred by Lender, whether or not suit is filed hereon.

(b)    This Note may not be changed, modified, amended or terminated except by a writing duly executed by Borrower and Lender

(c)    No waiver of any rights under this Note is valid or effective unless made in writing and signed by Lender.

(d)    No delay or omission on the part of Lender in exercising any right shall operate as a waiver thereof or of any other right.

(e)    A waiver by Lender upon any one occasion shall not be construed as a bar or waiver of any right or remedy on any future occasion.

(f)    Should any one or more of the provisions of the Note be determined illegal or unenforceable, all other provisions shall nevertheless remain effective.

(g)    If any provision hereof is declared to be invalid or unenforceable under applicable law, it is the intention of maker and the holder that the remainder of this note or, if applicable, the

2.

remainder of the invalid or unenforceable clause, sentence or paragraph, shall be valid and enforced to the fullest extent permitted.

IN WITNESS WHEREOF, Borrower has caused this Note to be executed and delivered in California as of the date specified above.

BORROWER:

PRCCC, INC. a California
Limited Liability Corporation

By: _Robert H. Ezzell_____
Robert H. Ezzell, Mgr.

3.

| Fill in this information to identify the case: | |
|---|---|
| Debtor 1 | PRCCC, Inc. |
| Debtor 2 (Spouse, if filing) | N/A |
| United States Bankruptcy Court for the: | Central District of California |
| Case number | 9:22-bk-10592-RC |

## Official Form 410

# Proof of Claim

04/22

**Read the instructions before filling out this form.** This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309)** that you received.

### Part 1:    Identify the Claim

**1. Who is the current creditor?**

DARCY VILLERS

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| c/o Hutkin Law Firm | |
| Name | Name |
| 1220 Marsh Street | |
| Number        Street | Number        Street |
| San Luis Obispo        CA        93401 | |
| City                State        ZIP Code | City                State        ZIP Code |
| Contact phone (805) 544-1500 | Contact phone _____ |
| Contact email ahutkin@hutkinlaw.com | Contact email _____ |

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____    Filed on _____
                                                                                                                MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

Exhibit "2"
Page 22

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:  ____  ____  ____  ____

**7. How much is the claim?**   $_____1,194,784.87 .  **Does this amount include interest or other charges?**

☐ No

☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Unpaid wages, premiums, penalties to former employee

**9. Is all or part of the claim secured?**

☑ No

☐ Yes.  The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**   $_____

**Amount of the claim that is secured:**   $_____

**Amount of the claim that is unsecured:**  $_____  (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**   $_____

**Annual Interest Rate** (when case was filed)_____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**   $_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

**Proof of Claim**

Exhibit "2"

12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check one:*

**Amount entitled to priority**

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).    $_____

☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).    $_____

☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).    $_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).    $_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).    $_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies.    $_____

\* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  10/03/2022
    MM / DD / YYYY

/s/ James H. Cordes
Signature

**Print the name of the person who is completing and signing this claim:**

Name    James H. Cordes
   First name    Middle name    Last name

Title    Attorney for Creditor (co-counsel with Hutkin Law Firm)

Company    James H. Cordes and Associates
   Identify the corporate servicer as the company if the authorized agent is a servicer.

Address    831 State Street, Suite 205
   Number    Street

Santa Barbara    CA    93101
City    State    ZIP Code

Contact phone    805-965-6800    Email jim@jamescordes.com

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**NORTHERN DIVISION**
**Case No. 9:22-bk-10592-RC**
**Proof of Claim            Darcy Villers**
Attachment 2(7)

| | |
|---|---|
| Unpaid Wages | $21,549.08 |
| Withheld Tips | $8,145.00 |
| **TOTAL UNPAID WAGES** | **$29,694.08** |
| ***10% simple interest through Proof of Claim filing date*** | ***$2,563.47*** |
| **TOTAL MISSED BREAK PREMIUMS** | **$21,024.00** |
| ***7% simple interest through Proof of Claim filing date*** | ***$5,289.98*** |
| Labor Code 203 penalties | $2,880.00 |
| ***INDIVIDUAL TOTAL*** | ***$61,451.53*** |

| | |
|---|---|
| ***PAGA Penalties*** | ***$1,000,000.00*** |

| | |
|---|---|
| ***Attorney Fees (pro-rata of total incurred for all Plaintiffs in State Court action)*** | ***$133,333.33*** |

| | |
|---|---|
| **GRAND TOTAL** | **$1,194,784.87** |

***\* PAGA penalties are on behalf of State of California & aggrieved employees***

| Fill in this information to identify the case: |
|---|

| Debtor 1 | PRCCC, Inc. |
|---|---|

| Debtor 2 | N/A |
|---|---|
| (Spouse, if filing) | |

United States Bankruptcy Court for the:  Central District of California

| Case number | 9:22-bk-10592-RC |
|---|---|

## Official Form 410

# Proof of Claim

04/22

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309)** that you received.

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

KYLE KING

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☒ No
☐ Yes.  From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

c/o Hutkin Law Firm
Name

1220 Marsh Street
Number        Street

San Luis Obispo        CA        93401
City                State            ZIP Code

Contact phone  (805) 544-1500

Contact email  ahutkin@hutkinlaw.com

Where should payments to the creditor be sent? (if different)

Name

Number        Street

City                State            ZIP Code

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ __ — __ __ __ __ __ — __ __ __ __ __ — __ __ __ __ __

**4. Does this claim amend one already filed?**

☒ No
☐ Yes.  Claim number on court claims registry (if known) _____

Filed on _____
        MM  / DD  / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☒ No
☐ Yes.  Who made the earlier filing? _____

Exhibit "3"
Page 26

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

**7. How much is the claim?**

$_____153,569.99. **Does this amount include interest or other charges?**

☐ No

☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Unpaid wages, premiums, penalties to former employee

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $_____

**Amount of the claim that is secured:** $_____

**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $_____

**Annual Interest Rate** (when case was filed) _____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

Exhibit "3"
Page 27

| 12. | Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | | |
|---|---|---|---|

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check one:*

**Amount entitled to priority**

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).　$_____

☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).　$_____

☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).　$_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).　$_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).　$_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies.　$_____

\* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

---

| **Part 3:** | **Sign Below** |
|---|---|

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   10/03/2022
　　　　　　　　　MM / DD / YYYY

/s/ James H. Cordes
Signature

**Print the name of the person who is completing and signing this claim:**

| Name | James H. Cordes |
| | First name　　　　　　Middle name　　　　　　Last name |

| Title | Attorney for Creditor (co-counsel with Hutkin Law Firm) |

| Company | James H. Cordes and Associates |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |

| Address | 831 State Street, Suite 205 |
| | Number　　　　Street |
| | Santa Barbara　　　　　　　　　　CA　　　　93101 |
| | City　　　　　　　　　　　　　　　State　　ZIP Code |

| Contact phone | 805-965-6800　　　　Email jim@jamescordes.com |

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor 1 | PRCCC, Inc. |
| Debtor 2 (Spouse, if filing) | N/A |
| United States Bankruptcy Court for the: | Central District of California |
| Case number | 9:22-bk-10592-RC |

Official Form 410

# Proof of Claim

04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. **Do not use this form to make a request for payment of an administrative expense.** Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309)** that you received.

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

WILLIAM E. HOLMES

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

c/o Hutkin Law Firm
Name

1220 Marsh Street
Number        Street

San Luis Obispo        CA        93401
City        State        ZIP Code

Contact phone (805) 544-1500

Contact email ahutkin@hutkinlaw.com

**Where should payments to the creditor be sent?** (if different)

Name

Number        Street

City        State        ZIP Code

Contact phone

Contact email

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____

Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

Exhibit "4"
Page 29

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____  ____  ____  ____

**7. How much is the claim?**   $_____159,342.24_____ . **Does this amount include interest or other charges?**

☐ No

☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Unpaid wages, premiums, penalties to former employee

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**                         $_____

**Amount of the claim that is secured:**    $_____

**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**   $_____

**Annual Interest Rate** (when case was filed)_____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**   $_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

Exhibit "4"
Page 30

| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☑ No ☐ Yes. *Check one:* | **Amount entitled to priority** |
|---|---|---|
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  10/03/2022
                    MM / DD / YYYY

/s/ James H. Cordes
    Signature

**Print the name of the person who is completing and signing this claim:**

| Name | James H. Cordes | | |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | Attorney for Creditor (co-counsel with Hutkin Law Firm) | | |
| Company | James H. Cordes and Associates | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 831 State Street, Suite 205 | | |
| | Number      Street | | |
| | Santa Barbara | CA | 93101 |
| | City | State | ZIP Code |
| Contact phone | 805-965-6800 | Email jim@jamescordes.com | |

Exhibit "4"
Page 31

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**NORTHERN DIVISION**

**Case No. 9:22-bk-10592-RC**

**Proof of Claim**　　　　**William Holmes**

Attachment 2(7)

| | |
|---|---|
| Unpaid Wages | $16,243.00 |
| Withheld Tips | $2,130.19 |
| **TOTAL UNPAID WAGES** | **$18,373.19** |
| *10% simple interest through Proof of Claim filing date* | *$121.48* |
| **TOTAL MISSED BREAK PREMIUMS** | **$4,368.00** |
| *7% simple interest through Proof of Claim filing date* | *$266.39* |
| Labor Code 203 penalties | $2,880.00 |
| *INDIVIDUAL TOTAL* | *$26,009.06* |

| | |
|---|---|
| *Attorney Fees (pro-rata of total incurred for all Plaintiffs in State Court action)* | *$133,333.33* |

| | |
|---|---|
| **GRAND TOTAL** | **$159,342.40** |

# United States Bankruptcy Court
## Central District of California
### Northern Division
### Ronald A Clifford III, Presiding
### Courtroom 201 Calendar

---

**Tuesday, December 13, 2022**                                      **Hearing Room    201**

---

<u>10:00 AM</u>
**9:22-10592    PRCCC, Inc.**                                                    **Chapter 7**

    **#8.00**    CONT'D Hearing
               RE: [32] Notice of Motion and Motion in Individual Case for Order Confirming
               Termination of Stay under 11 U.S.C. 362(j) or That No Stay is in Effect under 11
               U.S.C. 362(c)(4)(A)(ii) Declaration of Allen K. Hutkin In Support Thereof.

               FR. 11-8-22

                                 Docket    32

    **Tentative Ruling:**

      <u>**December 13, 2022**</u>

      **Appearances required.**

      **The Court will deny the Motion for the reasons stated *infra*.**

    Pursuant to 11 U.S.C. § 362(a), the filing of the bankruptcy petition operates as a stay
    as to, among other things, the "commencement or continuation…or proceeding
    against the debtor," enforcement of a judgment, any act to obtain possession of
    property of the estate, any act to collect, assess, or recover a claim against the debtor
    that arose prepetition, and the setoff of any debt owing to the debtor that arose before
    commencement of the case.  *See* 11 U.S.C. § 362(a)(1)-(a)(8).

    Yet, "[t]he automatic stay does not necessarily prevent all activity outside the
    bankruptcy forum." *Valencia v. Rodriguez*, 87 Cal. App. 4th 1222, 1226 (2001)
    (citing *David v. Hooker, Ltd.*, 560 F.2d 412, 417–18 (9th Cir. 1977)).  For example, as
    both parties appear to acknowledge, the automatic stay "does not stay actions against
    guarantors, sureties, corporate affiliates, or other non-debtor parties liable on the debts
    of the debtor.'" *In re Ripon Self Storage, LLC*, 2011 WL 3300087, at *6 (9th Cir.
    BAP Apr. 1, 2011) (citing *Advanced Ribbons & Office Prods. v. U.S.*, 125 B.R. 259,
    263 (9th Cir. BAP 1991)).

    Pursuant to 11 U.S.C. § 362(d), this Court shall grant relief from the automatic stay
    for "cause."  "What constitutes 'cause' for granting relief from the automatic stay is

Exhibit "5"
Page 33

# United States Bankruptcy Court
## Central District of California
### Northern Division
### Ronald A Clifford III, Presiding
### Courtroom 201 Calendar

**Tuesday, December 13, 2022**                                        **Hearing Room    201**

---

**10:00 AM**
**CONT...        PRCCC, Inc.**                                              **Chapter 7**

decided on a case-by-case basis." *In re Merriman*, 616 B.R. 381, 387 (9th Cir. BAP 2020), *appeal dismissed*, 2021 WL 3610895 (9th Cir. Feb. 26, 2021).

Here, Movants do not seek to proceed in state court as against the Debtor. Rather, Movants seek to move against third party, non-debtor defendants in a state court matter in which the Debtor was named. Movants request "limited relief from the automatic stay so that Movants can file a motion to bifurcate the State Court action so Movants can proceed solely against Donald Ezzell, Debtor's owner and further rule that Movants will not be held liable for violations of the stay for serving notice in furtherance of that motion." *See* Docket No. 32, p. 8, Section 6(f). Movants have not explained why the filing of any such bifurcation motion triggers a violation of the automatic stay, or how any such motion would affect the Debtor and the Debtor's estate.

Movants do argue, however, that "[i]t is well established that absent unusual circumstances, the automatic stay does not extend to non-debtors." *See* Docket No. 41, p. 2, lines 23-24. This, however, conflicts with an earlier suggested goal of Movants, which is to obtain a lifting of the stay "for the limited purpose of allowing Movants to pursue their claims against Mr. Ezzell in State Court." *Id.* at lines 9-11. Movants are making the argument that the stay does not apply to their actions against these non-debtor third parties in state court, but then seek a lifting of the automatic stay that, again, they argue does not apply to these parties in the Debtor's bankruptcy case.

The Motion is denied as the Movants have not shown cause to lift the stay.

---

| Party Information |
|:---:|

**Debtor(s):**

PRCCC, Inc.                              Represented By
                                         Todd C. Ringstad
                                         Christopher  Minier
                                         Thomas L Vincent

**Movant(s):**

Kyle  King                               Represented By
                                         Donald Lee Mabry

---

# United States Bankruptcy Court
## Central District of California
### Northern Division
### Ronald A Clifford III, Presiding
### Courtroom 201 Calendar

---

**Tuesday, December 13, 2022**                                          **Hearing Room        201**

---

<u>10:00 AM</u>
**CONT...        PRCCC, Inc.**                                                                **Chapter 7**

    William E Holmes                    Represented By
                                    Donald Lee Mabry

    Darcy  Villers                        Represented By
                                      Donald Lee Mabry

  <u>**Trustee(s):**</u>

    Sandra  McBeth (TR)                   Represented By
                                      Timothy J Yoo
                                      Carmela  Pagay

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 4910 Birth Street, Suite 120, Newport Beach, CA 92660

A true and correct copy of the foregoing document entitled (*specify*): **SUPPLEMENTAL BRIEF OF DEBTOR IN OPPOSITION TO SECOND MOTION OF DARCY VILLERS, WILLIAM E. HOLMES AND KYLE KING FOR RELIEF FROM THE AUTOMATIC STAY REGARDING DONALD G. EZZELL; AND DECLARATION OF CHRISTOPHER A. MINIER** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On January 30, 2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Donald Lee Mabry**    dmabry@hutkinlaw.com
- **Sandra McBeth (TR)**    jwalker@mcbethlegal.com, CA65@ecfcbis.com;ecf.alert+McBeth@titlexi.com
- **Christopher Minier**    becky@ringstadlaw.com, arlene@ringstadlaw.com
- **Carmela Pagay**    ctp@lnbyg.com
- **Todd C. Ringstad**    becky@ringstadlaw.com, arlene@ringstadlaw.com
- **United States Trustee (ND)**    ustpregion16.nd.ecf@usdoj.gov
- **Thomas L Vincent**    tlv@paynefears.com, ccason@paynefears.com
- **Timothy J Yoo**    tjy@lnbyb.com

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:  On January 30, 2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Ronald A. Clifford III
United States Bankruptcy Court
Northern Division
1415 State Street, Ste. 233
Santa Barbara, CA 93101

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 30, 2023 | Arlene Martin | /s/ Arlene Martin |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.