Benjamin A. Nix, Bar No. 138258
ban@paynefears.com
PAYNE & FEARS LLP
Attorneys at Law
4 Park Plaza, Suite 1100
Irvine, California 92614
Telephone: (949) 851-1100
Facsimile: (949) 851-1212

Attorneys for Debtor's Secretary and Director
DONALD G. EZZELL

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA, NORTHERN DIVISION

| | |
|---|---|
| In re | Case No. 9:22-bk-10592-RC |
| PRCC, INC., a California corporation, | Chapter 7 Proceeding |
| Debtor and Debtor-in-possession | **SUPPLEMENTAL BRIEF OF DONALD G. EZZELL IN OPPOSITION TO SECOND MOTION FOR RELIEF FROM STAY BY DARCY VILLERS, WILLIAM E. HOLMES AND KYLE KING REGARDING DONALD G. EZZELL** |
| | Hearing: |
| | DATE: February 21, 2023 |
| | TIME: 10:00 a.m. |
| | PLACE: Courtroom 201 |
| | 1415 State Street |
| | Santa Barbara, CA 93101 |

**TO THE HONORABLE RONALD A. CLIFFORD III, UNITED STATES BANKRUPTCY JUDGE:**

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ......................................................................................................... ii

II.    FACTS RELEVANT TO PLAINTIFFS' MOTION .........................................................1

III.    LEGAL ARGUMENT .....................................................................................................5

    A.    Plaintiffs' Motion Should Be Denied Because Plaintiffs Are Estopped From Taking a Position Here Which Is Completely Inconsistent With Their Position in the State Court Action ..................................................................................5

    B.    Plaintiffs' Motion Should Also Be Denied Because the Relief Sought by the Plaintiffs Would Constitute an Impermissible Advisory Opinion Issued by the Court or an Unnecessary "Comfort Order" ............................................................7

    C.    Plaintiffs' Motion for Relief Should Be Denied for the Additional Reason that Plaintiffs Have Consented to the Jurisdiction of this Court by Filing Proof of Claims, the Process Should Run Its Course, and Proceeding in the State Court Action In the Interim Will Run a Severe Risk of Inconsistent Results .......................................................................................................................9

IV.    CONCLUSION ................................................................................................................11

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

-i-    Case No. 9:22-bk-10592-RC
SUPPL. BRIEF OF DONALD G. EZZELL IN OPPOSITION TO SECOND MOTION FOR RELIEF FROM STAY BY DARCY VILLERS, WILLIAM E. HOLMES & KYLE KING REGARDING DONALD G. EZZELL

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*A.H. Robins Co., Inc. v. Piccinin*,
   788 F. 2d 994 (4th Cir. 1986) ................................................................................... 9

*AH Robbins Co.* v. *Piccinni*,
   798 F. 2d 994 (1985) .................................................................................................. 9

*American State Bank v. Marks (In re MacNeil)*,
   907 F.2d 903 (9th Cir. 1990) ..................................................................................... 8

*In re Chatha*,
   2022 WL 4101292 (Bankr. E.D. Cal. Sept. 6, 2022) ................................................. 8

*Elias v. Lisowski Law Firm, Chtd. (In re Elias)*,
   215 B.R. 600 (9th Cir. BAP 1997) ............................................................................ 8

*Franklin Savings Assoc. v. Office of Thrift Supervision*,
   35 F.3d 1466 (10th Cir. 1994) ................................................................................... 8

*Frelin v. Oakwood Homes Corp.*,
   292 B.R. 369 (D. Ark. 2003) ..................................................................................... 9

*In Re French*,
   303 B.R. 774 (2003) ................................................................................................... 9

*H.K. & Shanghai Banking Corp. v. Simon (In Re Simon)*,
   153 F. 3d 991 (9th Cir. 1998) ................................................................................... 9

*Katchen v. Landy*,
   382 U.S. 323 (1966) ................................................................................................... 9

*New Hampshire v. Maine*,
   532 U.S. 742 (2001) ............................................................................................... 5, 6

*In re NIR West Coast, Inc.*,
   dba Northern California Roofing, 2021 WL 27407 (Bankr. E.D. Cal. Jan. 4,
   2021) ........................................................................................................................... 8

*Trimec, Inc. v. Zale Corp.*,
   150 B.R. 685 (Bankr. N.D. I11 1993) ..................................................................... 10

**State Cases**

*Aguilar v. Atlantic Richfield Co.*
   25 Cal. 4th 826 (2001) .............................................................................................. 5

SUPPL. BRIEF OF DONALD G. EZZELL IN OPPOSITION TO SECOND MOTION FOR RELIEF FROM STAY
BY DARCY VILLERS, WILLIAM E. HOLMES & KYLE KING REGARDING DONALD G. EZZELL

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

**TABLE OF AUTHORITIES *cont'd***

**Page(s)**

*Jackson v. County of Los Angeles*,
  60 Cal. App. 4th 171 (1997) .................................................................................. 5, 6

*M. Perez Co., Inc. v. Base Camp Condominiums Assn.*,
  111 Cal. App. 4th 456 (2003) ..................................................................................... 5

*Prilliman v. United Airlines, Inc*
  53 Cal. App. 4th 935 (1997) ....................................................................................... 5

**Federal Statutes**

11 U.S.C. § 362(d)(1) .................................................................................................. 3, 8

11 U.S.C. § 524 .............................................................................................................. 9

**Rules**

Emergency California Rules of Court Rule No. 9(a) ..................................................... 11

Fed. Rules of Bankruptcy Proc. Rule 4001(a)(3) ............................................................ 3

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

-iii-    Case No. 9:22-bk-10592-RC
SUPPL. BRIEF OF DONALD G. EZZELL IN OPPOSITION TO SECOND MOTION FOR RELIEF FROM STAY
BY DARCY VILLERS, WILLIAM E. HOLMES & KYLE KING REGARDING DONALD G. EZZELL

## I. INTRODUCTION

Donald G. Ezzell ("Mr. Ezzell"), the Secretary and Director of the Chapter 7 debtor herein, PRCCC, Inc. (the "Debtor"), hereby submits his supplemental brief in opposition the second Motion for Relief from the Automatic Stay [Docket No. 32] (the "Second Motion") filed by Darcy Villers, William E. Holmes and Kyle King (the "Plaintiffs"). In addition to the reasons set forth in the Debtor's supplemental brief in opposition to the Second Motion, Mr. Ezzell submits that the Court should adhere to its December 13, 2022, tentative ruling on the Motion and deny Plaintiffs' motion for the additional reasons set forth below.

## II. FACTS RELEVANT TO PLAINTIFFS' MOTION

The Plaintiffs sued the Debtor and its absentee out-of-state owner, Donald G. Ezzell, in San Luis Obispo County Superior Court, claiming "wage and hour" violations that allegedly occurred during 2014-2017 (the "State Court Action"). *See* Declaration of Donald G. Ezzell, ¶ 3, attached to his opposition to the Motion, Docket No. 40 (hereafter the "Ezzell Decl.").

During the years that are the subject of the State Court Action, Donald G. Ezzell was nothing more than an absentee owner/investor in the Debtor's business who has been living in Colorado from May of 2014 to the present. During the years of 2014 to 2017, the Debtor was operated by Mr. Ezzell's brother and his wife, as well as local managers. *See* Ezzell Decl., ¶ 4.

The Debtor operated a small card gaming room. *See* Ezzell Decl., ¶ 4. The Debtor had been struggling to operate at a profit for four or five years prior to the commencement of its bankruptcy case, and its unprofitability was made worse by the COVID-19 pandemic. *See* Ezzell Decl., ¶ 4. The Debtor's financial struggles resulted in Donald G. Ezzell having to loan the Debtor a total of $707,154.00 to support its operations. *See* Ezzell Decl., ¶ 4. These loans remain unpaid and, accordingly, Mr. Ezzell has timely filed a nonpriority unsecured proof of claim in the Debtor's bankruptcy case, which is Claim No. 4 on the Court's Claims Register. A copy of Mr. Ezzell's proof of claim is attached to the Debtor's Supplemental Brief as **Exhibit "1."**

While the Debtor's operations remained unprofitable, for several years the Debtor was also forced to bear the cost of the State Court Action initiated by the Plaintiffs – an expense the struggling Debtor could not afford. Moreover, Mr. Ezzell's license to operate a gaming parlor

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

was set to expire on August 31, 2022, and this license was not eligible for renewal. *See* Ezzell Decl., ¶ 4. Moreover, under the Debtor's bylaws and a separate Indemnification Agreement, Mr. Ezzell is entitled to broad indemnity from the Debtor for any claims brought against him arising from the Debtor's business, including the claims asserted by the Plaintiffs in the State Court Action. *See* Ezzell Decl., ¶¶ 1 and 5, and Exhibits "A" and "B" thereto.

Under the foregoing circumstances, the Debtor attempted to sell its assets to a third-party in an effort to salvage some value for the benefit of the Debtor's creditors. *See* Ezzell Decl., ¶ 4. After a two-year effort, the Debtor was finally able to finalize the sale of its assets on August 1, 2022, shortly before the gaming license expired, resulting in net sale proceeds of approximately $100,000.00. *See* Ezzell Decl., ¶ 4. The Debtor and Mr. Ezzell could have expended these funds continuing to defend the State Court Action. Instead, on August 3, 2022, the Debtor commenced its instant Chapter 7 case and promptly turned over the sale proceeds to the Chapter 7 trustee so that they could be equitably distributed to the Debtor's creditors. *See* Ezzell Decl., ¶ 4.

Each of the three Plaintiffs have timely filed unsecured nonpriority proofs of claim against the Debtor's bankruptcy estate in the following amounts: (i) Darcy Villers in the amount of $1,194,784.87 [Claim No. 6]; (ii) Kyle King in the amount of $153,569.99 [Claim No. 7]; and (iii) William E. Holmes in the amount of $159,342.24 [Claim No. 8]. A copy of Darcy Viller's proof of claim is attached to the Debtor's Supplemental Opposition as **Exhibit "2."** A copy of Kyle King's proof of claim is attached the Debtor's Supplemental Opposition as **Exhibit "3."** A copy of William Holmes proof of claim is attached to the Debtor's Supplemental Opposition as **Exhibit "4."**

On August 26, 2022, the Plaintiffs filed their first motion for relief from the automatic stay, seeking to continue the State Court Action against both the Debtor and Mr. Ezzell. *See* Docket No. 15. Both the Debtor and Mr. Ezzell opposed the Plaintiffs' first stay relief motion. *See* Docket Nos. 17 and 20. On September 20, 2022 this Court issued a Tentative Ruling which contained detailed explanations as to why Plaintiffs' Motion for Relief was denied. *See* Nix Decl. ¶ 9; Ex. "F." After a hearing, the Court denied the Plaintiffs' motion without prejudice by way of an Order entered on October 17, 2022, because the automatic stay prevented continued

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

litigation against the Debtor in the State Court Action. *See* Docket No. 34.

After the hearing, Plaintiffs tried to add to the proposed Order denying the Motion a statement that the automatic stay did not bar Plaintiffs from bringing a motion in the State Court Action seeking to bifurcate the action so that Plaintiffs could proceed against Mr. Ezzell and would not violate the automatic stay by serving Debtor with a notice of such a motion to bifurcate. Mr. Ezzell filed an objection to the Form of Order lodged by Plaintiffs. *See* Nix Decl. ¶ 12; Ex. "H." The basis of the objection was that Plaintiffs improperly sought to add additional language to the Order which was inconsistent with the Court's ruling and also inconsistent with the Court's comments at the September 20 argument. The Court agreed with this objection. This Court issued its October 17 Order denying Plaintiffs' Motion for Relief in which the Court does <u>not</u> adopt the additional language requested by Plaintiffs. *See* Nix Decl. ¶13; Ex. "I."

On October 17, 2022, the Plaintiffs filed their second Motion for stay relief. *See* Docket No. 32. In their second Motion, the Plaintiffs assert that they have limited the relief they are seeking under § 362(d)(1) for "cause" to enable the Plaintiffs to "file a motion to bifurcate the State Court action so Movants can proceed solely against, Donald G. Ezzell, Debtor's owner and further rule that Movants will not be held liable for violations of the stay for serving notice on Debtor in furtherance of that Motion." *See* Motion, Docket No. 32 at p. 5. Further, although the Plaintiffs provide no evidence or argument that such additional relief would be warranted, in their second Motion they also request: (1) waiver of the 14-day stay provided by F.R.B.P. Rule 4001(a)(3); and (2) that any Order granting their motion be binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days. *Id.*

Mr. Ezzell filed an opposition to the Plaintiffs' second Motion, in which the Debtor joined. *See* Docket Nos. 40 and 42. The Court held hearings on the Plaintiffs' second Motion on November 8 and December 13, 2022. The Court posted a tentative ruling for the December 13 hearing, which includes with the following language:

> Movants do argue, however, that "[i]t is well established that absent unusual circumstances, the automatic stay does not extend to non-debtors." *See* Docket No. 41, p. 2, lines 23-24. This, however, conflicts with an earlier suggested goal of Movants, which is to obtain a lifting of the stay "for the limited purpose of allowing Movants to pursue their claims against

> Mr. Ezzell in State Court." *Id.* at lines 9-11.  Movants are making the argument that the stay does not apply to their actions against these non-debtor third parties in state court, but then seek a lifting of the automatic stay that, again, they argue does not apply to these parties in the Debtor's bankruptcy case.
>
> The Motion is denied as the Movants have not shown cause to lift the stay.

Attached the Debtor's Supplemental Opposition as **Exhibit "5"** is a copy of the Court's December 13, 2022, tentative ruling on the Plaintiffs' Motion.  Despite the Court's above-described tentative ruling, the Court gave the Plaintiffs a final opportunity to submit a supplemental brief to demonstrate how and why the Debtor and its interests (and the automatic stay) were implicated by the Plaintiffs' contemplated motion to bifurcate in the State Court Action to proceed solely against Mr. Ezzell.  The Plaintiffs filed their supplemental brief on January 16, 2023, as Docket No. 53.

In their supplemental brief, the Plaintiffs speculatively contend, without any supporting authority, that "it is at least arguable, given the broad applicability of the automatic stay, that the Motion to Bifurcate would constitute the continuation of the State Court Action against the Debtor or that service of the notice of the motion and motion would constitute the employment of process."  *See* Plaintiffs' Supplemental Brief, Docket No. 53, p. 3, lines 9-12.  As a backup position, in their supplemental brief, the Plaintiffs further state that "Movants would not oppose a ruling by this Court denying the Motion based on an explicit conclusion of law that service of the Motion to Bifurcate on the Debtor does not violate the automatic stay." *Id.* at p. 3, lines 13-15.

For the reasons set forth below, and consistent with the Court's December 13, 2022 tentative ruling, the Court should find that the Plaintiffs have again failed to demonstrate "cause" for the Court to enter an Order granting them relief from the automatic stay.

/ / /

/ / /

/ / /

## III. LEGAL ARGUMENT

### A. Plaintiffs' Motion Should Be Denied Because Plaintiffs Are Estopped From Taking a Position Here Which Is Completely Inconsistent With Their Position in the State Court Action

Plaintiffs' request an order from this Court that they may file a motion to bifurcate the State Court Action and "will not be held liable for violations of the stay for serving notice on Debtor in furtherance of that motion." *See* Motion, Docket No. 32, p. 5 at Item No. 8. However, this is a thinly disguised effort to obtain this Court's blessing on filing a motion which Plaintiffs will undoubtedly use to persuade the State Court to bifurcate the action – something the State Court expressly refused to do based on Plaintiffs' vigorous argument that the case against Debtor and Mr. Ezzell cannot be bifurcated. Thus, the judicial estoppel doctrine prevents Plaintiffs from changing their position here.

Judicial estoppel precludes a party from gaining advantage by taking one position, and then seeking a second advantage by taking an incompatible position. *Aguilar v. Atlantic Richfield Co.* 25 Cal. 4th 826, 850 (2001). "[W]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001).

"[J]udicial estoppel is especially appropriate where a party has taken inconsistent positions in separate proceedings." *Jackson v. County of Los Angeles*, 60 Cal. App. 4th 171, 181 (1997). The doctrine's dual goals are to maintain the integrity of the judicial system and to protect parties from opponents' unfair strategies. (*Id.*) Judicial estoppel is an equitable doctrine aimed at preventing fraud on the courts. *M. Perez Co., Inc. v. Base Camp Condominiums Assn.*, 111 Cal. App. 4th 456, 469 (2003). It is intended to protect against a litigant playing "fast and loose with the courts," and because it is intended to protect the integrity of the judicial process it is an equitable doctrine invoked by a court at its discretion. *Prilliman v. United Airlines, Inc* 53

1  Cal. App. 4th 935, 957 (1997).  The doctrine of judicial estoppel "protect[s] the integrity of the

2  judicial process by prohibiting parties from deliberately changing positions according to the

3  exigencies of the moment." *New Hampshire v. Maine*, 532 U.S. at 749.

4      The judicial estoppel doctrine applies when (1) the party's later position is inconsistent

5  with its earlier position; (2) the party has succeeded in persuading a court to accept its earlier

6  position, so that judicial acceptance of an inconsistent position in a later proceeding would create

7  the perception that either the first or the second court was misled; and (3) the party asserting the

8  inconsistent position would derive an unfair advantage or impose an unfair detriment on the

9  opposing party if not estopped.  *New Hampshire v. Maine*, 532 U.S. at 750.  *See also Jackson v.

10  County of Los Angeles,*  60 Cal. App. 4th 171, 183 (1997) (same standard under California law).

11      Here, each of these elements exist, as follows:

12      First, the two positions taken by Plaintiffs are clearly inconsistent.  Plaintiffs argued

13  against bifurcation of the case in the State Court Action.  Indeed, Plaintiffs asserted to the State

14  Court that bifurcation would "destroy judicial economy" and "would not serve the ends of

15  justice." (Ex. D to Nix Decl., Docket No. 40.)  Plaintiffs also argued that "the jury rightfully

16  should hear the evidence concerning the alleged Labor Code violations in the context of all

17  persons or entities potentially responsible for those violations" (*Id.*)  Plaintiffs argued that "[a]ll

18  claims against all defendants [Mr. Ezzell and PRCCC] should be tried concurrently in one trial. "

19  (*Id.*) Now, in this case, Plaintiffs seek an order from this Court that they be allowed to file a

20  motion to bifurcate the State Court Action to have a trial against Mr. Ezzell but in the absence of

21  PRCCC.  *See* Motion, Docket No. 32, p. 5 at Item No. 8.  Plaintiffs argue that they should be

22  granted permission to bifurcate the State Court Action which is a complete contradiction of its

23  earlier position.

24      Second, Plaintiffs were successful in their argument that the case against the Debtor and

25  the case against Mr. Ezzell could <u>not</u> be bifurcated.  The State Court accepted Plaintiffs' position

26  that the case against Mr. Ezzell and PRCCC must be tried together and refused to bifurcate the

27  action against Mr. Ezzell and PRCCC.  (Ex. D to Nix Decl., Docket No. 40.)

28      Third, Plaintiffs will obtain an unfair advantage and impose an unfair detriment to the

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

1  Debtor and Mr. Ezzell if it is now permitted to reverse course and say that bifurcation of the State

2  Court Action is appropriate.  Plaintiffs strenuously advocated against bifurcation of the State

3  Court Action and argued that the law and circumstances required that the cases to be tried

4  together.  Plaintiffs now attempt to change their position to suit their own needs of pursuing a

5  parallel action in State Court without the Debtor which the State Court previously expressly

6  denied.  This would be patently unfair as evidence would be presented against one Defendant,

7  Mr. Ezzell, without the other Defendant, PRCCC, being present.  This goes directly against

8  Plaintiffs' successful contentions in the State Court Action that "[a]ll claims against all

9  defendants [Mr. Ezzell and PRCCC] should be tried concurrently in one trial" and to do otherwise

10 "would destroy judicial economy" and "not serve the interests of justice" – precisely as Plaintiffs

11 successfully argued in the State Court Action.  Mr. Ezzell would be severely prejudiced as a

12 result.  Plaintiffs should not be permitted to play fast and loose with the Courts.

13       Finally, although Plaintiffs are not seeking an express bifurcation order from this Court,

14 the type of order they seek proves their motive.  They unquestionably will use this Court's ruling

15 (assuming the Second Motion is granted) to tell the State Court that this Court has "blessed" the

16 filing of such a motion. Given the order is coming from a federal Bankruptcy Court,  that would

17 lead the State Court to reverse its prior ruling denying bifurcation. That result would be unfair and

18 unjust as the State Court previously denied bifurcation due to the interrelatedness of the claims

19 against the Debtor and Mr. Ezzell.

20       **B.       Plaintiffs' Motion Should Also Be Denied Because the Relief Sought by the**
21             **Plaintiffs Would Constitute an Impermissible Advisory Opinion Issued by the**
22             **Court or an Unnecessary "Comfort Order"**

23       In their Motion, Plaintiffs seek an Order that they are allowed to file a motion to bifurcate

24 the State Court Action and "will not be held liable for violations of the stay for serving notice on

25 Debtor in furtherance of that motion."  *See* Motion, Docket No. 32, p. 5 at Item No. 8.  In their

26 supplemental brief, as a backup position, the Plaintiffs further state that "Movants would not

27 oppose a ruling by this Court denying the Motion based on an explicit conclusion of law that

28 service of the Motion to Bifurcate on the Debtor does not violate the automatic stay." *See*

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

Plaintiffs' Supplemental Brief, Docket No. 53, p. 3, lines 13-15. Either requested ruling by the Court would undoubtedly constitute a prohibited "advisory opinion" or "comfort order" when, as discussed above, Plaintiffs have failed to meet their burden of showing "cause" for relief from stay under § 362(d)(1).

"[F]ederal courts also are prohibited from rendering advisory opinions." *Elias v. Lisowski Law Firm, Chtd. (In re Elias)*, 215 B.R. 600, 604 (9th Cir. BAP 1997), citing *Muskrat v. United States*, 219 U.S. 346, 31 S.Ct. 250, 55 L.Ed. 246 (1911), and *American State Bank v. Marks (In re MacNeil),* 907 F.2d 903, 904 (9th Cir. 1990); and See also, *Franklin Savings Assoc. v. Office of Thrift Supervision,* 35 F.3d 1466, 1473 (10th Cir. 1994), citing U.S. Constitution Art. III, Sec. 2, cl. 1 ("We are prohibited from granting the Association an advisory opinion.").

Separately, the alternative rulings that the Plaintiffs seek from the Court might also be considered a "comfort order." There is no authority for a court to issue such an order. *See e.g., In re NIR West Coast, Inc., dba Northern California Roofing*, 2021 WL 27407 at *2 (Bankr. E.D. Cal. Jan. 4, 2021)("Creditor cites no provision of the Bankruptcy Code that directs or authorizes the bankruptcy court to enter an order that declares the automatic stay inapplicable-or otherwise recognizes its absence-to a nondebtor.")[1] See also, *In re Chatha*, 2022 WL 4101292, at *6 (Bankr. E.D. Cal. Sept. 6, 2022) ("the present motion is either a request for an advisory opinion or a so-called 'comfort order.'" "The former are constitutionally prohibited. And this court does not issue the latter." (citations omitted)).[2]

Based on the foregoing, Plaintiffs' second Motion for Relief should also be denied because it improperly seeks an advisory opinion or comfort order holding that Plaintiffs "will not be held liable for violations of the stay for serving notice on Debtor in furtherance of [their bifurcation] motion" or, alternatively, "an explicit conclusion of law that service of the Motion to Bifurcate on the Debtor does not violate the automatic stay." That type of advisory opinion or comfort order is

---

[1] A copy of the *NIR West Coast* decision is attached as **Exhibit "J"** to Mr. Ezzell's Opposition [Docket No. 40] to the Motion.

[2] A copy of the *Chatha* decision is attached as **Exhibit "K"** to Mr. Ezzell's Opposition [Docket No. 40] to the Motion.

-8-    Case No. 9:22-bk-10592-RC
SUPPL. BRIEF OF DONALD G. EZZELL IN OPPOSITION TO SECOND MOTION FOR RELIEF FROM STAY BY DARCY VILLERS, WILLIAM E. HOLMES & KYLE KING REGARDING DONALD G. EZZELL

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

not permitted – particularly here where Plaintiffs intend to use it for the <u>improper</u> purpose of reversing a prior State Court order expressly denying bifurcation of the case against the Debtor and Mr. Ezzell.

### C. **Plaintiffs' Motion for Relief Should Be Denied for the Additional Reason that Plaintiffs Have Consented to the Jurisdiction of this Court by Filing Proof of Claims, the Process Should Run Its Course, and Proceeding in the State Court Action In the Interim Will Run a Severe Risk of Inconsistent Results**

The Ninth Circuit has made it very clear that a creditor not only submits to the jurisdiction of the bankruptcy court when it files a proof of claim, but also loses the right to proceed in another court to seek to collect on that claim. *H.K. & Shanghai Banking Corp. v. Simon (In Re Simon)*, 153 F. 3d 991, 997 (9th Cir. 1998); *In Re French*, 303 B.R. 774, 778 (2003) ("When a creditor submits to bankruptcy court jurisdiction by filing a proof of claim in order to collect its debt, the creditor is subject to the court's orders and any discharge order pursuant to 11 U.S.C. § 524.") *See also, Katchen v. Landy*, 382 U.S. 323 (1966) ("a creditor who offers a proof of claim and demands its allowance is bound by what is judicially determined.")

At the same time, courts generally do not permit a creditor to proceed with a parallel state court action while the bankruptcy claim process is ongoing if that state court action could lead to inconsistent results. *A.H. Robins Co., Inc. v. Piccinin*, 788 F. 2d 994, 999 (4th Cir. 1986) (finding that a stay is appropriate where "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that the judgment against the third-party defendant will in effect be a judgment or finding against the debtor."). This is particularly the case where the parallel state court action could conceivably have an effect on the estate being administered in bankruptcy. *Frelin v. Oakwood Homes Corp.*, 292 B.R. 369, 377 (D. Ark. 2003) ("[T]he test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy…. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action … and which in any way impacts upon the handling and administration of the bankrupt estate.") *See also AH Robbins Co.* v. *Piccinni*, 798 F.

2d 994, 999 (1985) (stay to a non-debtor is warranted "when there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant, and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor.")

*Trimec, Inc. v. Zale Corp.*, 150 B.R. 685 (Bankr. N.D. I11 1993) is an example of a court not permitting a parallel state court action against non-Debtor defendants that created a risk of inconsistent results to go forward during the bankruptcy. There, the creditor contended that it could proceed in a parallel state court action against non-debtors while pursuing a claim against the debtor in bankruptcy. *Id*. at 686-687. The court rejected the argument due to the fact that a judgment in the state court action would have an impact on the bankruptcy estate because the claims were identical by virtue of the non-debtor's indemnification agreement with the debtor. *Id*. It explained: "Permitting such a judgment to be entered against [defendant in the state court action] would be inequitable since [the debtor] would not have had the opportunity to defend itself and a judgment in favor of [the plaintiff] could have a significant impact on [the debtor's] estate in its bankruptcy proceeding." The court explained that the plaintiff had filed a proof of claim in the bankruptcy, but permitting the same basic dispute be litigated in the state court action while the bankruptcy was pending "could result in conflicting judgments" and "would waste significant judicial resources." *Id*. For these reasons, the court refused to permit the state court action to proceed against non-Debtor Defendants until the claims resolution process was completed. *Id*.

Here, Plaintiffs have filed proofs of claim and consented to jurisdiction of this Court. If there is a dispute as to the validity or amount of the Plaintiffs' claims, the Bankruptcy Court can resolve the dispute. However, if Plaintiffs are permitted to pursue the State Court Action while the claims process proceeds, there is a substantial risk of inconsistent judgments. Plaintiffs' claims in the bankruptcy would be allowed, disallowed, or reduced depending on objections from Mr. Ezzell or other creditors. At the same time, if allowed to proceed, Plaintiffs claims in the State Court Action could result in an entirely different result. Assuming there is an award against Mr. Ezzell in the State Court Action, Mr. Ezzell has an indemnification agreement with the Debtor which requires that Debtor reimburse Mr. Ezzell. (See Declaration of Donald G. Ezzell, Exs. A and B; Docket No.

40). Due to the possibility of inconsistent results, Plaintiffs should be required to follow the claim process in this Court based on their submission to the Court's jurisdiction, and not be permitted to pursue a parallel action in State Court which has a substantial risk of inconsistent results.

Plaintiffs' argument that there a risk of losing their rights to pursue the State Court Action due to the five-year rule is specious. The State Court action was filed on May 29, 2018. However, under Emergency Rule No. 9(a) of the California Rules of Court, the limitations period for bringing the action to trial was extended by 6 months. Further, the State Court has stayed those proceedings due to the bankruptcy of the Debtor which also suspends the running of the five-year limitations period for bringing an action to trial. Thus, Plaintiffs have no basis for proceeding in the State Court Action while pursuing the same claims in bankruptcy.

## IV.   CONCLUSION

Based on all of the foregoing, Plaintiffs' Second Motion for Relief must be denied as it is an improper effort to do an "end run" around the State Court's prior order refusing to bifurcate the State Court Action, seeks an advisory opinion or comfort Order from the Court, which is not permitted, and, if granted would create a substantial risk inconsistent results.

DATED:   January 30, 2023          PAYNE & FEARS LLP
                                   Attorneys at Law


                                   By: _____
                                        BENJAMIN A. NIX
                                        Attorneys for DONALD G. EZZELL

4889-4208-4411.5

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
4 Park Plaza, Suite 1100, Irvine, California 92614.

A true and correct copy of the foregoing document entitled (*specify*): **SUPPLEMENTAL BRIEF OF DONALD G. EZZELL IN OPPOSITION TO SECOND MOTION FOR RELIEF FROM STAY BY DARCY VILLERS, WILLIAM E. HOLMES AND KYLE KING REGARDING DONALD G. EZZELL** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On <u>January 30, 2022</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Donald Lee Mabry**    dmabry@hutkinlaw.com
- **Sandra McBeth (TR)**    jwalker@mcbethlegal.com, CA65@ecfcbis.com;ecf.alert+McBeth@titlexi.com
- **Todd C. Ringstad**    becky@ringstadlaw.com, arlene@ringstadlaw.com
- **United States Trustee (ND)**    ustpregion16.nd.ecf@usdoj.gov
- **Timothy J Yoo**    tjy@lnbyb.com

☐ Service information continued on attached page

2. <u>**SERVED BY UNITED STATES MAIL**</u>:
On _____ I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

3. <u>**SERVED BY FEDERAL EXPRESS OVERNIGHT DELIVERY**</u>
<u>(state method for each person or entity served)</u>: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on <u>January 30, 2023</u>, I served the following persons and/or entities by overnight mail service. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Honorable Ronald A. Clifford III
United States Bankruptcy Court
1415 State Street, Ste. 233
Santa Barbara, CA 93101

☐

| | | | S |
|---|---|---|---|
| January 30, 2023 | Mary L. Conry | */s/ Mary L. Conry* | |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                                     **F 9013-3.1.PROOF.SERVICE**